2001 ME 118

**Eldon PERKINS et al.**

v.

**TOWN OF SEARSPORT**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 25, 2001.
Decided: July 20, 2001.

Edmond J. Bearor, Luke M. Rossignol, Rudman & Winchell, LLC, Bangor, ME, for plaintiffs.

Eric B. Morse, Strout & Payson, P.A., Rockland, ME, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Eldon and Alice Perkins appeal from the judgment of the Superior Court (Waldo County, *Marsano, J.*) granting the Town of Searsport's motion for summary judgment on the Perkinses' trespass claim. The Perkinses contend that the Superior Court erred in determining that the Town's placement of granite blocks and a culvert on their property constituted a permanent trespass and that, as a permanent trespass, the Perkinses' claim was barred by the statute of limitations.[1] Because disputes as to material facts remain concerning whether the placement of the granite blocks and culvert is an actionable continuing trespass, or a statute of limitations barred permanent trespass, we vacate the judgment.

I. CASE HISTORY

[¶ 2] The Perkinses have owned shorefront property in Searsport since 1974. Following a storm in the early 1970s, the

---

1. The court's opinion indicated that the six-year general statute of limitations, 14 M.R.S.A. § 752 (1980), or the twenty-year limitation for adverse possession, 14 M.R.S.A. §§ 801, 810 (1980), might apply to this action. In *Jacques v. Pioneer Plastics, Inc.,* 676 A.2d 504 (Me.1996), we noted that "the statute of limitations for trespass and nuisance is six years." *Id.* at 506.

Town placed granite blocks and a culvert on the Perkinses' property to control erosion and limit further storm damage.

[¶ 3] In the mid–1990s, the Perkinses discussed with the Town concerns that the granite block "rip rap" limited their shorefront access and emitted noxious odors that resulted from decaying material becoming lodged in the blocks. Failing to reach any agreement with the Town on these problems, the Perkinses filed this action in 1998.

[¶ 4] The original action included claims for civil rights violations under 42 U.S.C. § 1983, unconstitutional taking, trespass, and nuisance. The Town responded with a motion for summary judgment, asserting that the Perkinses' claims were barred by the statute of limitations. The Town's motion was supported by only a one paragraph memorandum of law and a very brief and very general statement of material facts.[2] The Perkinses opposed the Town's motion and filed their own motion for summary judgment supported by affidavits and a detailed statement of material facts with appropriate record references.

[¶ 5] After hearing, the trial court granted the Town's motion for summary judgment with regard to the trespass claim, but denied summary judgment on the companion nuisance claim. In its opinion, the court correctly noted that the viability of the Perkinses' trespass claim depended upon whether the Town's conduct constituted a continuing trespass or a permanent trespass. *See Jacques v. Pioneer Plastics, Inc.*, 676 A.2d 504, 506–08 (Me.1996). The court also appropriately noted that abatability is a key factor in determining whether a trespass is continuing or permanent. *See id.* at 508. The court further stated

that, on the record available to it, abatability was essentially conceded by the Town.

[¶ 6] However, citing *Foss v. Maine Tpk. Auth.*, 309 A.2d 339 (Me.1973), the court determined that the challenged conduct in this case constituted a permanent trespass because it was undertaken to benefit the community and because it had attributes of a constitutional taking or eminent domain acquisition. Accordingly, the court granted summary judgment to the Town on the trespass claim. After the court's ruling, all other claims, including the nuisance claim upon which summary judgment had been denied, were dismissed, and the Perkinses brought this appeal focusing on their trespass claim.

## II. DISCUSSION

█ [¶ 7] When reviewing a grant of a motion for summary judgment, we consider " 'only the portions of the record referred to, and the material facts set forth' "in the parties' statements of material facts, "to determine 'whether there was no genuine issue as to any material fact and that the successful party was entitled to a judgment as a matter of law.' " *See Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655 (quoting *Handy Boat v. Prof'l Servs., Inc.*, 1998 ME 134, ¶ 16, 711 A.2d 1306, 1310).

█ [¶ 8] In this case, the court could consider only the facts contained in the Perkinses' statement of material facts because those facts were not contested by the Town and because they were the only facts supported by appropriate record references. Nothing in that statement established, without dispute, that the trespass in question was permanent because of any intended permanency of the shoreland al-

---

**2.** Effective January 1, 2001, the Maine Rules of Civil Procedure referencing statements of material facts in summary judgment practice were amended. References to statements of material facts, formerly in M.R.Civ.P. 7(d), are now found in M.R.Civ.P. 56(h).

terations or any anticipated value to the public, or because the circumstances of the trespass reflected a constitutional or eminent domain taking. *See Jacques*, 676 A.2d at 507–08; *Foss*, 309 A.2d at 344. The Town's brief, generalized statement of material facts provided no support for findings that would be essential to establish a permanent trespass without dispute as to material facts.[3] Accordingly, the trial court's judgment must be vacated and the case remanded for appropriate proceedings to resolve disputes as to material facts regarding whether the trespass is continuing or permanent, and to determine the nature of any remedy should the trespass be found to be continuing such that it is not barred by the applicable statute of limitations.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.

---

3. A finding of a continuing trespass, as urged by the Perkinses, also was not supported on this record, as a dispute exists as to the long-term nature of the improvements and the apparent public benefit intended when the improvements were originally placed.