STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: RE-06-11 ✓

BONNIE GIORDANO

                    Plaintiff
                                            ORDER ON PLAINTIFF'S
                                            MOTION FOR SUMMARY
                                            JUDGMENT
        v.


KATHLEEN HIGGINS

                    Defendant

        This case comes before the Court on Plaintiff's Motion for Summary

Judgment pursuant to M.R. Civ. P. 56. Plaintiff's Motion is DENIED.

                              **BACKGROUND**

        Plaintiff, Bonnie Giordano ("Giordano"), filed a complaint against

Defendant, Kathleen Higgins ("Higgins"), in January 2006, seeking to foreclose

on property in Harrison, Cumberland County, Maine, occupied by Higgins. On

April 30, 2001, Higgins had entered into a land installment contract with Ottavo

Mazzuchelli ("Mazzuchelli"), Giordano's predecessor in interest. This agreement

provided that Higgins would occupy the property, make a down payment of

$15,000, pay a monthly rent of $500, and pay taxes, insurance, and maintenance

expenses. In return, after fifty months, Mazzuchelli would convey title to

Higgins; any default, however, would terminate the agreement. According to

the complaint, an affidavit memorializing the aforementioned terms was filed

with the Cumberland County Registry of Deeds at Book 22413, Page 55.

        After an unsuccessful Forcible Entry and Detainer action in Bridgton

District Court, Giordano filed the instant foreclosure action. She now seeks

1

summary judgment on the basis that Higgins defaulted on her contractual obligations. Giordano contends that the most recent payment under the contract was made in 2003, no real estate taxes on the property have been paid since 2001, no maintenance has occurred, and no insurance had been obtained. In her opposition, Higgins contends that Giordano raised her "rent" to a rate that was impossible to pay, amounting to a constructive eviction. She further contends that the notice of default and right to cure provided by Giordano was improper under the statute and that interest is not provided for in the contract.

## DISCUSSION

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶4, 770 A.2d 653, 655. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶6, 750 A.2d 573, 575.

In support of a motion for summary judgment, a party must file a memorandum of law. M.R. Civ. P. 7(b)(3). Moreover, the moving party must include with the motion a Statement of Material Facts, and each such fact must contain a reference to the record supporting that fact. M.R. Civ. P. 56(h)(1); *see also Levine*, 2001 ME 77, ¶6, 770 A.2d at 656. When ruling on a motion for summary judgment, this Court "'is to consider only the portions of the record referred to, and the material facts set forth, in the Rule 7(d) statements.'" *Corey v. Norman, Hanson, & DeTroy*, 1999 ME 196, ¶8, 742 A.2d 933, 938 (quoting *Handy Boat Serv., Inc. v. Professional Servs., Inc.*, 1998 ME 134, ¶12, 711 A.2d 1306, 1310).

Here, neither party filed a memorandum of law in support of its claims on the motion for summary judgment or the opposition and reply. Both the motion

2

and opposition were supported by incomplete statements of material fact and by affidavits of each party. Additionally, neither party's statements of material fact included record citations as required by M.R. Civ. P. 56(h).

Even if the statements of material fact had been properly supported, however, factual issues remain to be addressed. There is little evidence in the record to indicate definitively the nature and timing of the alleged breach of conditions. Also, the parties dispute whether the original agreement provided for interest payments. Those material facts certainly would "affect the outcome of the case," and the record simply is incomplete on these issues. Given the scant record before the Court and the lack of meaningful discovery at this stage, summary judgment is unwarranted.[1]

The entry is:

Plaintiff's motion for summary judgment is DENIED.

DATE: September 13, 2006

Roland A. Cole
Justice, Superior Court

---

[1] As the Law Court noted in *Levine*, "A party who moves for a summary judgment must properly put the motion and, most importantly, the material facts before the court, or the motion will not be granted, regardless of the adequacy, or inadequacy, of the nonmoving party's response." 2001 ME 77, ¶5, 770 A.2d at 655.

ALAN PERRY ESQ
PO BOX J
SOUTH PARIS ME 04281

THOMAS SMITH ESQ
PO BOX 98
HARRISON ME 04040