2001 ME 77

**Timothy LEVINE et al.**

v.

**R.B.K. CALY CORPORATION**

Supreme Judicial Court of Maine.

Submitted on Briefs April 24, 2001.
Decided May 9, 2001.

---

John S. Campbell, Campbell & Associates, P.A., Portland, for plaintiffs.

Peter Clifford, Hodsdon & Clifford, LLC, Kennebunk, for defendant.

Panel: WATHEN, C.J., and RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

SAUFLEY, J.

[¶ 1] Timothy and Maureen Levine appeal from the judgment of the Superior Court (York County, *Brennan, J.*), granting R.B.K. Caly Corporation's motion for summary judgment. Because the corporation did not comply with the requirements for presenting a motion for summary judgment, we vacate the judgment.

## I. BACKGROUND

[¶ 2] R.B.K. Caly Corporation is a Maine corporation, formed in 1993 as a commercial construction enterprise. John Spottiswoode served as the president and treasurer of the corporation, and Timothy Levine served as the corporation's general manager. In May 1993, the corporation borrowed $300,000 from the Ocean National Bank with the Levines, the Spottiswoodes, and two others as guarantors of the loan. *Spottiswoode v. Levine*, 1999 ME 79, ¶ 4, 730 A.2d 166, 169.

[¶ 3] Subsequently, R.B.K. Caly defaulted on the loan from the Ocean National Bank. *Id.*[1] Immediately thereafter, the Spottiswoodes, as guarantors of the loan,

---

1. Prior to the default, in June 1995, Timothy Levine resigned as director and officer of the corporation.

paid the entire balance on the note. *Id.* Eventually, the Spottiswoodes obtained a judgment against each of the Levines for contribution, and we affirmed the judgment. *Id.* ¶ 20, 730 A.2d at 173. Without satisfying those judgments, the Levines brought this action against the corporation and the Spottiswoodes for dissolution of the corporation and for an accounting. The corporation filed a motion for summary judgment asserting that the Levines had no right to seek a corporate dissolution or an accounting. The Levines opposed the motion, and the Superior Court granted the summary judgment in favor of the corporation. This appeal followed.

## II.  DISCUSSION

[¶ 4] On appeal from a grant of a summary judgment, we consider "only the portions of the record referred to, and the material facts set forth, in the [M.R. Civ. P.] 7(d) statements" to determine whether "there was no genuine issue as to any material fact and that the successful party was entitled to a judgment as a matter of law." [2] *Handy Boat Serv., Inc. v. Prof'l Servs., Inc.,* 1998 ME 134, ¶ 16, 711 A.2d 1306, 1310; *Kirkham v. Hansen,* 583 A.2d 1026, 1027 (Me.1990) (citation omitted). If the parties' Rule 7(d) statements, and the portions of the record referred to, do not reveal a genuine issue regarding a material fact,[3] summary judgment is appropriate.

*Burdzel v. Sobus,* 2000 ME 84, ¶ 9, 750 A.2d 573, 576; *Burke v. Port Resort Realty Corp.,* 1998 ME 193, ¶ 7, 714 A.2d 837, 840.

[¶ 5] In order to assure that the facts material to the claims before the court are clearly set out and are, in fact, supported in the record, the rules require each party to file documents in support of the motion laying out the facts in a lucid manner. M.R. Civ. P. 7, 56. A party who moves for a summary judgment must properly put the motion and, most importantly, the material facts before the court, or the motion will not be granted, regardless of the adequacy, or inadequacy, of the nonmoving party's response.[4]

[¶ 6] A motion for summary judgment must include the following: (1) the motion, including the Rule 7(b) notice; (2) a memorandum of law in support of the motion; (3) a statement of material facts, with appropriate record references; (4) copies of the corresponding record references; and (5) a proposed order. M.R. Civ. P. 7, 56. To avoid a summary judgment, the nonmoving party must respond by filing (1) a memorandum of law in opposition to the motion for summary judgment; (2) a statement of material facts in opposition, with appropriate record references;[5] and (3) copies of the corre-

2.  The Maine Rules of Civil Procedure were amended with regard to motions for summary judgment effective January 1, 2001. References to the statement of material facts are now found in M.R. Civ. P. 56(h).

3.  A fact is material if it has the potential to affect the outcome of the case under governing law. *Burdzel v. Sobus,* 2000 ME 84, ¶ 6, 750 A.2d 573, 575.

4.  In *Schindler v. Nilsen,* 2001 ME 58, ¶ 16, 770 A.2d 638, 643, we vacated a portion of a summary judgment where the record refer-

ences in support of the motion did not establish an undisputed basis for calculation of interest.

5.  Effective January 1, 2001, an opposing statement of material facts must explicitly admit, deny, or qualify facts by reference to each numbered paragraph, and a denial or qualification must be supported by a record citation. M.R. Civ. P. 56(h) (effective Jan. 1, 2001). The documents in the matter before us were filed with the court before the effective date of the amendments to M.R. Civ. P. 56.

sponding record references. *Id.* A statement of material facts must be numbered, concise, and contain specific record references *to each proffered fact. See Bennett v. Tracy,* 1999 ME 165, ¶¶ 13–14, 740 A.2d 571, 574. The record references must refer to evidence of a quality that could be admissible at trial. M.R. Civ. P. 56(e).

[¶ 7] In the matter before us, two facts were central to the court's analysis. In order to seek a dissolution and accounting from the corporation, the Levines were required to demonstrate that they had standing as either (1) shareholders or (2) creditors of the corporation. *See* 13–A M.R.S.A. § 1115 (1981).

[¶ 8] The corporation's motion for summary judgment asserts that the Levines are neither shareholders nor creditors of the corporation. If these facts were found to be undisputed, the corporation would be entitled to a judgment in its favor. The court looked to the Levines' responding documents, concluded that they failed to controvert the corporation's factual assertions, and granted the summary judgment. Because the Levines offered nothing more in support of their statement of material facts than references to the complaint and to the conclusory affidavit of their attorney,[6] the court's action would have been correct had the corporation properly supported its motion.

[¶ 9] The corporation's statement of material facts did not, however, contain the necessary record references to support the facts offered. *See* M.R. Civ. P. 7(d)(1) (current version at M.R. Civ. P. 56(h)(1) (effective Jan. 1, 2001)). Indeed, other than an initial reference to an accompanying affidavit, it did not contain a single record reference. The absence of supporting record references in the statement of material facts is fatal to the corporation's motion. *See Pratt v. Ottum,* 2000 ME 203, ¶ 15, 761 A.2d 313, 318 n. 8. A statement of material facts *must* directly refer the court to the specific portions of the record from which each fact is drawn. *See Biette v. Scott Dugas Trucking & Excavating, Inc.,* 676 A.2d 490, 494 (Me.1996). The court is neither required nor permitted to independently search a record to find support for facts offered by a party. *See Dumont v. Fleet Bank of Maine,* 2000 ME 197, ¶ 13, 760 A.2d 1049, 1053–54.[7] In the absence of specific record references, a proffered fact is not properly before the court and cannot provide a basis for judgment. *See Biette,* 676 A.2d at 494; *Diversified Foods, Inc. v. First Nat'l Bank of Boston,* 605 A.2d 609, 612 (Me.1992).

[¶ 10] Accordingly, in the matter before us the court was left with no factual basis for entry of summary judgment, and we must therefore vacate the judgment.[8]

---

6. That affidavit consisted almost entirely of "legal arguments and conclusions rather than factual allegations." *Diversified Foods, Inc. v. First Nat'l Bank of Boston,* 605 A.2d 609, 612 (Me.1992) (citation omitted). "Conclusions of fact and law do not properly belong in an affidavit filed in support of a motion for summary judgment." *Town of Orient v. Dwyer,* 490 A.2d 660, 662 (Me.1985). Moreover, most of the facts contained in the attorney's affidavit "could not have been based on [his] personal knowledge." *Diversified Foods, Inc.,* 605 A.2d at 612 (citing M.R. Civ. P. 56(e)). "An opposing affidavit must ... show affir-

matively that the affiant has personal knowledge of the matters asserted ... and conclusory assertions will not substitute for this showing." *Spickler v. Greenberg,* 586 A.2d 1232, 1234 (Me.1991) (citations omitted).

7. This concept is now incorporated in the rules at M.R. Civ. P. 56(h)(4).

8. Notwithstanding the result in this matter, we note that on the limited record before us, the Levines' claim appears to have little merit. We remind the parties that sanctions will be imposed for meritless or frivolous litigation.