STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV06-526

STEPHANIE ROUSSEL

Plaintiff

ORDER ON DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

v.

MARK LUCAS

DONALD L. GAR
LAW LIBR

Defendant

MAY 1 3 2007

This matter came before the Court on Defendant's motion for summary

judgment pursuant to M.R. Civ. P. 56(c). Following hearing, the motion is

GRANTED.

## BACKGROUND

Plaintiff Stephanie Roussel ("Roussel") and Defendant Mark Lucas

("Lucas") reside in Cumberland County, Maine. On September 22, 2000, Roussel

was traveling on the Maine Turnpike in Portland. She departed the Turnpike at

Exit 8 and then drove north on Riverside Street. Another driver, David Webber

("Webber"), was traveling south on Riverside Street at that time.[1] Webber had

borrowed a car from Lucas while his car was being repaired; State Farm

Insurance Company ("State Farm") insured the vehicle. Lucas had been friends

with Webber for about ten years and found him to be trustworthy.

When Roussel arrived at the intersection of Riverside Street and Riverside

Court, Webber turned left toward Riverside Court. His car collided with the

---

[1] Webber, who is allegedly uninsured, is not a party to this action.

1

front of Roussel's car. Roussel alleges that she suffered serious personal injuries; four weeks following the accident, she lost one of the twin fetuses she was carrying. She also injured her knee, incurring medical expenses and lost wages for the week of work she missed. Roussel alleges that she was forced to work part-time when she did return to her job as a cashier, as she could not stand for extended periods of time.

On September 20, 2006, Roussel brought this complaint against Lucas and State Farm for negligence and negligent infliction of emotional distress. State Farm immediately moved to dismiss on the basis that the claim against it derived from its contract with Lucas and could not be addressed until Lucas's liability was determined. This Court granted State Farm's motion on December 1, 2006.

Lucas raised numerous affirmative defenses to the complaint, including that it fails to state a claim upon which relief can be granted and does not demonstrate causation. He now moves for summary judgment on the basis that Roussel has not developed a prima facie case for negligent entrustment and that the negligent infliction of emotional distress count fails to state a claim upon which relief can be granted. Roussel contends that there are disputed issues of material fact regarding the negligent entrustment claim.

## DISCUSSION

1.    Summary Judgment Standard.

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v.*

2

*Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. When a defendant seeks summary judgment, a "plaintiff must establish a prima facie case for each element of her cause of action." *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842, 845. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

2.    Is Summary Judgment Warranted on the Negligent Entrustment Claim?

"[T]o survive summary judgment on [a] negligent entrustment claim," a plaintiff bears the burden to establish a prima facie case that: a driver was "incompetent, inexperienced, or reckless" and the defendant knew it "or had reason to know;" the defendant nevertheless entrusted a vehicle to the driver; doing so generated "an appreciable risk of harm to the plaintiff," giving rise to a "relational duty on the part of" the defendant; and the injuries "were proximately caused by" the negligent entrustment. *Yunker v. Iverson*, CUMSC-CV-1995-413 (Me. Super. Ct., Cum. Cty., July 1, 1997) (Saufley, J.).[2]

In this case, Roussel has alleged that Webber had a duty of care while driving, which he breached by colliding with her vehicle. She further alleges that Lucas breached his duty to be a careful driver by allowing Webber to drive the

---

[2] The Law Court has recognized negligent entrustment as actionable, but has not concretely set forth the elements of such a claim. The *Yunker* decision, also an automobile entrustment case, borrowed from RESTATEMENT (SECOND) OF TORTS § 390 (1965) and a decision of the Arkansas Supreme Court to set forth the elements.

vehicle, causing her damages. Lucas argues that this does not meet the standard for a negligent entrustment action as listed above. In response to Lucas's summary judgment motion, Roussel alleges for the first time that Webber told her at the scene of the accident that he had been in a car accident with another red car two weeks before their collision and stated that red was his "unlucky color." She further contends that Lucas was aware of the prior accident when he loaned Webber his car because he was repairing Webber's car. There is no evidence in the record about who was at fault for the alleged prior accident. Also, there is no evidence beyond this assertion that Lucas was repairing Webber's car or was aware of any other accident. In fact, Lucas states in his affidavit that he was unaware that Webber had any prior accidents or driving violations at the time he let Webber borrow his car.

Anything Webber might have said to Roussel at the scene of the accident would be inadmissible hearsay because it does not fall within any exemption in M.R. Evid. 801 or exception in M.R. Evid. 803.[3] Additionally, it has not been demonstrated that Webber is unavailable per M.R. Evid. 804, so the statement cannot be admitted as a statement against interest. Without this statement, there is no evidence properly before this Court that would indicate that Webber is an unsafe driver or that Lucas knew or had reason to know that Webber was "incompetent, inexperienced, or reckless" when he agreed to let Webber borrow his car. The evidence otherwise establishes that Lucas knew Webber for over ten years, found him to be honest and trustworthy, and believed that he was sober

---

[3] Because Webber is not a party to this action, this is not a statement by a party opponent under 801(d)(2). This also would not qualify as an excited utterance or present sense impression as those terms are defined in Rules 803(1) and (2). No other 803 exception applies, and this statement would be offered for the truth of the matter it asserts; therefore, it is hearsay and may not be used to oppose summary judgment.

4

and alert when he loaned him the car. Also, the mere allegation of a prior accident or uninsured status does not conclusively demonstrate that someone is an "incompetent, inexperienced, or reckless" driver. Given this, Roussel has not met her burden to establish a prima facie claim for negligent entrustment, and summary judgment must be granted on this count.

3. Is Summary Judgment Warranted on the Negligent Infliction of Emotional Distress Claim?

As in a typical negligence action, a plaintiff alleging negligent infliction of emotional distress ("NIED") must establish a prima facie case for each element of a negligence claim: duty, breach, causation, and damages. *Curtis*, 2001 ME 158, ¶ 18, 784 A.2d at 25. The emotional distress suffered by the plaintiff must be severe. *Id.* ¶ 20, 784 A.2d at 26. Although foreseeability of harm is not dispositive of NIED claims, the Law Court has limited the duty to avoid creating emotional harm by employing a modified foreseeability analysis. *Id.* ¶ 19, 784 A.2d at 25. Also, NIED can be brought as an independent claim for relief, but such claims typically become "subsumed in any award" a plaintiff wins in an underlying tort claim. *Id.* ¶ 19, 784 A.2d at 26.

Here, Roussel has alleged that Lucas negligently inflicted emotional distress by lending his car to Webber, as the resulting accident caused her to lose one of her unborn babies and suffer physical injuries. Lucas counters that the NIED claim must fail because Roussel cannot recover on the underlying tort. As noted above, however, NIED may be an independent claim and does not depend on recovery for negligent entrustment for its viability. This Court will therefore determine whether Roussel's claim qualifies under *Curtis*. Roussel's claim must fail because she has not demonstrated that Lucas had a duty not to cause her

5

emotional harm when he loaned Webber his car. Because Roussel's NIED claim does not meet the *Curtis* standard, and Roussel has not contested Lucas's motion regarding NIED, summary judgment will be granted on this count.

The entry is:

Defendant's motion for summary judgment on both counts is GRANTED. Judgment will be entered for Defendant Lucas.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: _January 19, 2007_

Roland A. Cole
Justice, Superior Court

OF COURTS
erland County
. Box 287
Maine 04112-0287

CLIFFORD STRIKE ESQ –
400 ALLEN AVENUE
PORTLAND ME 04103

TS

287

CHRISTOPHER DINAN ESQ
PO BOX 7046
PORTLAND ME 04112