STATE OF MAINE                    STATE OF MAINE SUPERIOR COURT
CUMBERLAND, ss.                   CUMBERLAND, ss CIVIL ACTION
                                  CLERK'S OFFICE
                                        DOCKET NO. CV-06-335

                          2007 FEB 28  A 10: 46

PAUL J. AUGER and COURTENAY
AUGER,

            Plaintiffs
     v.                                    ORDER ON MOTION
                                           FOR SUMMARY
                                           JUDGMENT
KEITH HULTS,

            Defendant

Before the Court is Plaintiffs Paul and Courtenay Auger's ("Plaintiffs")

motion for summary judgment pursuant to M.R. Civ. P. 56 in their action against

Defendant Keith Hults ("Defendant").

## DISCUSSION

It is unnecessary to discuss the merits of Plaintiffs' motion as they have

patently failed to comply with the Rules of Civil Procedure applicable to

summary judgment motions. Specifically, attached to Plaintiff's motion are two

interrogatories and an affidavit. Notably absent, however, is a statement of

material facts.

Under Rule 56, "[a] motion for summary judgment *shall be supported by a*

*separate, short, and concise statement of material facts* . . . . as to which the moving

party contends there is no genuine issue of material fact to be tried." M.R. Civ. P.

56(h)(1) (emphasis added). "A proper statement of material facts is essential to

summary judgment practice." M.R. Civ. P. 56 (comment).

In a case where a party moving for summary judgment filed a statement

of material facts, but failed to include citations referencing specific pages and

paragraph numbers in the record where support for the facts could be found, the

1

Law Court held that this failure to comply with the Rules of Civil Procedure was "fatal to the . . . motion." *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 9, 770 A.2d 653, 656. In this case, Plaintiffs have provided no statement of material facts. "Accordingly, in the matter before us the [C]ourt [has] no factual basis for entry of summary judgment.[1]" *Id.* ¶ 10, 770 A.2d at 656.

Therefore, the entry is:

Plaintiffs' motion for summary judgment is DENIED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _28th_ day of _February_, 2007.

Robert E. Crowley
Justice, Superior Court

---

[1] In addition, Plaintiffs failed to comply with the Rules of Civil Procedure regarding the format of their memorandum. In all memoranda filed with the court, "[t]he typed matter *must be double spaced* . . . [and a]ll pages *shall be numbered*." M.R. Civ. P. 7(f) (emphasis added). Plaintiffs' memorandum is single-spaced and has no page numbers.

and County
Box 287
ine 04112-0287

A ROBERT RUESCH ESQ
VERRILL & DANA
PO BOX 586
PORTLAND ME 04112-0586

Box 287
ine 04112-0287

MATTHEW GILDART ESQ
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
PO BOX 9546
PORTLAND ME 04112-9546

BENJAMIN SANBORN ESQ
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
PO BOX 1058
AUGUSTA ME 04332-1058