STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: RE-08-038

BARCLAYS CAPITAL REAL ESTATE, INC.
d/b/a/ HOMEEQ SERVICING,

                    Plaintiff,
                                                  **ORDER**
        v.
                                        DONALD L. GARBRECHT
                                        LAW LIBRARY
DOROTHY A. HAMILTON,                              JUN 19 2008
PETER PRAY
and
JOYCE M. PRAY

                    Defendants.


Before this Court is Plaintiff Barclays Capital Real Estate, Inc. d/b/a

HomeEq Servicing (Barclays) motion for summary judgment pursuant to M.R.

Civ. P. 56.

## BACKGROUND

Barclays has brought an action in foreclosure against Defendants Dorothy

A. Hamilton, Peter L. Pray and Joyce M. Pray (collectively "Defendants")

pursuant to 14 M.R.S.A. §§ 6321-6325 for Defendants' default on an adjustable

rate note executed and delivered to EquiFirst Corporation on March 7, 2007 in

the amount of $245,700.00 (Note). The Note was secured by a mortgage deed to

Defendant's residential property located in South Portland, Maine (Property).

Barclays claims, by affidavit of Tonya Blechinger, assistant secretary of

Barclays, that Barclays is now holder of the Note by virtue of an assignment "to

be dated and recorded in said Registry of Deeds." (Pl. SMF ¶ 3 and Aff. of Tonya

Blechinger, ¶ 4.) And that a Notice to Cure was sent to Defendants on November

2, 2007 in compliance with Maine law. (Pl. SMF ¶ 8.)

1

## DISCUSSION

### I.    Summary Judgment

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶4, 770 A.2d 653, 655. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶6, 750 A.2d 573, 575. "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, are deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4).

In support of a motion for summary judgment, the moving party must include a statement of material facts, and each such fact must contain a reference to the record supporting that fact. M.R. Civ. P. 56(h)(1); *see also Levine*, 2001 ME 77, ¶6, 770 A.2d at 656. The parties may file affidavits in support of or in opposition to a summary judgment motion, but pursuant to Rule 56(e), an affidavit must "set forth such facts as would be admissible in evidence." M.R. Civ. P. 56(e). "Sworn to or certified copies" of any documents referred to in an affidavit must be included with it. *Id.*

In this case, though Defendants failed to properly controvert Barclays' Statement of Material Facts, Barclays has failed to provide any documentary evidence that it is the owner of the loan.[1] Accordingly, Barclays' Motion does

---

[1] On May 9, 2008, well after a reply brief could be permissibly filed, Barclays filed a "supplement to Plaintiff's Motion for Summary Judgment" including an additional statement of material facts along with an affidavit and copy of an unrecorded assignment of the mortgage. This is not the prescribed procedure under the Maine Rules of Civil Procedure and therefore the "supplement to Plaintiff's Motion for Summary Judgment" will not be considered by the Court. *See generally* M.R. Civ. P. 56.

2

not satisfy the burden of proof required of it under Rule 56.[2]  Additionally, as discussed below, because the underlying business records were not attached, M.R. Evid. 803(6) is inapplicable.

## II.    Business Records Exception to the Rule Against Hearsay

Business records, which are otherwise hearsay, may be admitted in compliance with the Maine Rules of Evidence if a proponent lays a proper foundation to assure reliability.  Field & Murray, *Maine Evidence* § 803.6 at 433 (4th ed.).  A proponent must establish that:

> (1) the record was made at or near the time of the events reflected in the record by, or from information transmitted by, a person with personal knowledge of the events recorded therein; (2) the record was kept in the course of a regularly conducted business; (3) it was the regular practice of the business to make records of the type involved; and (4) no lack of trustworthiness is indicated from the source of information from which the record was made or the method or circumstances under which the record was prepared.

*LDC Gen'l Contracting v. LeBlanc*, 2006 ME 106, ¶ 15, 907 A.2d 802, 806 (*quoting Northeast Bank & Trust Co. v. Soley*, 481 A.2d 1123, 1125-26 (Me. 1984)).

Barclays claims that it owns the Note by affidavit of Tonya Blechinger, assistant secretary of Barclays, who swears that Barclays is holder of the Note by virtue of a yet to be dated and recorded assignment.  There is no document attached to the affidavit, nor is there any evidence that an assignment of the Note was ever recorded.

Under the Maine Rules of Evidence, the affidavit of a corporate record keeper serves to lay a foundation for a business record.  M.R. Evid. 803(6).  The

---

[2]    "A party who moves for summary judgment must properly put the motion and, most importantly, the material facts before the court, or the motion will not be granted, regardless of the adequacy, or inadequacy, of the nonmoving party's response." *Levine v. R.B.K. Caly Corp.*, 2001 Me. 77, ¶ 4, 750 A.2d 653, 655.

affidavit, itself, is not substantive evidence unless some other exception to the hearsay rule exists.[3] *Id.*

### III. Notice of Mortgagor's right to cure

Barclays asserts that it has served Defendants notice in compliance with Maine law. Under Maine law a mortgagee must provide written notice to a mortgagor prior to enforcing a mortgage because of default. *See* 14 M.R.S.A. § 6111(1). The notice is only effective if made in compliance with the rules and sent to the last known address of the mortgagor. *Id.* If the notice is sent by first class mail, notice is deemed given upon receipt by mortgagor or upon presentation of a post office department certificate of mailing to the mortgagor. 14 M.R.S.A. § 6111(3)(B). If notice is sent by certified mail, return receipt requested, the notice is deemed given if the mortgagor signs the receipt, or "if the notice is undeliverable, the date the post office last attempts to deliver it." 14 M.R.S.A. § 6111(3)(A).

In this case there is no evidence of the mode by which Defendant was sent notice on November 2, 2007. Nor is there evidence that Defendants either received the notice to cure, the notice was sent by certified mail, or that the post office provided a certificate of mailing. Accordingly, Barclays has not properly supported the material fact asserted, that Notice in conformity with Main law was sent to Defendants. Because Barclays has failed to show that proper statutory notice has been given to Defendant, summary judgment is not proper.

---

[3] *See United States v. Marshall*, 762 F.2d 419, 426 (5th Cir. 1985) (finding reversible error where a trial court admitted the "fact" testimony of a witness in lieu of the record about which she was testifying).

IV.    **Motion to Dismiss**

Barclays conceded at hearing that the assignment of the Note was not recorded at the time it filed for summary judgment. Accordingly, Barclays made an unopposed, oral motion to dismiss without prejudice at hearing in order that it might re-file the action. The Court grants Barclays Motion to Dismiss without prejudice.

## Therefore, the entry is:

Plaintiff's Motion for Summary Judgment is DENIED.

Plaintiff's Motion to Dismiss is GRANTED without prejudice.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this __23__ day of __May__, 2008.

Roland A. Cole
Justice, Superior Court

5

JOHN DOONAN ESQ
100 CUMMINGS CENTER SUITE 213C
BEVERLY MA 01915

*Plaintiff*

HARRY CENTER II ESQ
PO BOX 468
BIDDEFORD ME 04005

*Defendant*