STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: CV-09-156


SOLEY WHARF, LLC

                Plaintiff                         ORDER ON PLAINTIFF'S
                                                  MOTION FOR SUMMARY
        v.                                        JUDGMENT


HARBORVIEW INVESTMENTS, LLC,

        Defendant.


        Plaintiff Soley Wharf, LLC's Motion for Summary Judgment pursuant to

M.R. Civ. P. 56(a) is before the Court. Defendant Harborview Investments, LLC

requests that summary judgment be issued against the moving party pursuant to

M.R. Civ. P. 56(c). The parties contest the interpretation of a lease provision

governing holdover tenants. Because the plaintiff drafted the ambiguous

provision, it must be construed in the defendant's favor. The plaintiff's Motion is

therefore denied, and summary judgment is granted for the defendant.

## BACKGROUND

        Soley Wharf, LLC (Plaintiff), owns and manages commercial property at

100 Commercial Street in Portland, Maine. On March 30, 2004, Harborview

Investments, LLC (Defendant) entered a written lease for space in the 100

Commercial Street property. Plaintiff drafted the lease. Originally the lease was

to expire in 2006, but the parties extended it to run until January 31, 2009.

        In mid-2008 the parties began to discuss renewing the lease for another

term, but they could not reach an agreement. On December 30, 2008, Defendant

gave Plaintiff written notice of its intent to terminate the lease on January 31, 2009, and hold over for two months pursuant to the ninth paragraph of the lease. On January 26, 2009, Plaintiff responded with a letter informing Defendant that it must vacate the premises by January 31, 2009. Defendant remained in possession, and on February 2, 2009 Plaintiff hand-delivered a letter to Defendant declaring that the lease had been renewed for another year. Defendant ultimately vacated the premises before March 31, 2009.

The ninth paragraph of the lease addresses holdover tenants. This holdover clause reads:

> If Tenant remains in possession of the Leased Premises after the expiration of the term of this Lease, such possession shall be as a month-to-month tenant. During such month-to-month tenancy, the provisions of this Lease shall be applicable, except that there shall be no extension options and except that rent shall be increased to one and one half (1.5) times the Base Rent for the period just preceding such termination. Landlord and Tenant may terminate any such month-to-month tenancy by giving the other party thirty (30) days prior written notice. If Tenant remains in possession of the Premises, or any part thereof, after the termination of the term, such holding over shall, at the election of the Landlord expressed in a written notice to Tenant and not otherwise, constitute a renewal of this Lease for one year.

On March 18, 2009 Plaintiff brought this action for declaratory judgment under 14 M.R.S.A. § 5954, seeking to affirm its right to bind Defendant for another year under the lease. On April 29, 2009 Plaintiff filed this Motion for Summary Judgment. Defendant requests that the court render summary judgment against the moving party, pursuant to M.R. Civ. P. 56(c).

## DISCUSSION

Summary judgment is proper where there is no genuine issue of material fact, entitling the moving party to judgment as a matter of law. M.R. Civ. P. 56(c); *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. Maine's

2

Declaratory Judgment Act empowers courts to determine the construction or validity of a contract on request. 14 M.R.S.A. § 5954 (2009). Maine has long applied the rule of contra proferentem to construe ambiguous language against its drafter. *Barrett v. McDonald Investments, Inc.*, 2005 ME 43, ¶ 17, 870 A.2d 146, 150 (citing 11 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 32:12 at 471–72 (4th ed. 1999); *Monk v. Morton*, 139 Me. 291, 30 A.2d 17 (1943)).

Plaintiff contends that the lease uses the terms "expiration" and "termination" interchangeably. Under Plaintiff's interpretation, when Defendant remained in possession of the leased premises on February 1, 2009, the lease gave Plaintiff the option of either accepting rent on a month-to-month basis at 1.5 times the base rate, or of immediately renewing the lease for a period of one year.

Defendant counters by insisting that the term "expiration" in the first sentence of the holdover provision refers to the natural end of the initial lease term, January 31, 2009, while "termination" as used in the second through fourth sentences refers to the end of a month-to-month holdover period beyond the "expiration." Under Defendant's interpretation, the lease "expired" on January 31, 2009, and Plaintiff had no right to renew the lease for another term until it gave 30-days' notice of the post-January 31st holdover period's "termination."

Contract language is ambiguous if it is reasonably susceptible of two different meanings. *See Ryder v. USAA Gen. Indem. Co.*, 2007 ME 146, ¶ 11, 938 A.2d 4, 7. The lease does not clearly indicate whether the terms "expiration" and "termination" in the holdover provision are meant to be synonymous, as Plaintiff argues, or are distinct, as advanced by Defendant. Because both interpretations

3

are reasonable, the terms are ambiguous. Applying the rule of contra proferentem, the ambiguity must be resolved against Plaintiff as drafter of the lease, and in favor of Defendant.

Defendant had the right to holdover in a month-to-month tenancy, and Plaintiff could not bind Defendant to another year absent 30-days' notice of the month-to-month tenancy's termination.

## The entry is:

Plaintiff's motion for summary judgment is DENIED, and Defendant's request for summary judgment against Plaintiff is GRANTED.

DATE: _November 2, 2009_

Roland A. Cole
Justice, Superior Court

4

SOLEY WHARF LLC VS HARBORVIEW INVESTMENTS LLC
UTN:AOCSsr  -2009-0029232                     CASE #:PORSC-CV-2009-00156
-----------------------------------------------------------------------------
SEL VD                               REPRESENTATION TYPE      DATE
01 0000001041 ATTORNEY:LOURIE, DAVID
ADDR:189 SPURWINK AVENUE CAPE ELIZABETH ME 04107
    F FOR:HARBORVIEW INVESTMENTS LLC           DEF        RTND   03/24/2009


02 0000003871 ATTORNEY:WALSH, NICHOLAS H
ADDR:111 COMMERCIAL STREET PORTLAND ME 04101-4719
    F FOR:SOLEY WHARF LLC                      PL         RTND   03/18/2009




          Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:

Select the EXIT KEY for page selection line.