STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                      DOCKET NO. CV-09-53
                                               GAB- YOR - 2/16/2011


STEPHEN M. BRETT,

        Plaintiff


        v.                                          JUDGMENT


PETER LOVEJOY and
RIVERSIDE EXCAVATION,

        Defendants


        Plaintiff Stephen Brett brought this action against defendants Peter Lovejoy and

Riverside Excavation to recover for alleged defects in work the defendants performed in

2003. The defendants move for summary judgment on all claims.

## BACKGROUND

        Mr. Brett co-owns a parcel of land in Cape Neddick, Maine. (Supp. S.M.F. ¶ 1.)

The property is currently improved by a three-car garage with living space above, and a

capped foundation for a future home. (Supp. S.M.F. ¶ 2.) Mr. Brett has resided in the

garage apartment since 2006. (Supp. S.M.F. ¶ 3.) In the fall of 2002, Mr. Brett contracted

with the defendants to install a septic system, excavate the home and garage sites,

remove trees and stumps, and install a driveway. (Supp. S.M.F. ¶¶ 5-6.) The written

contract cannot be located. (Supp. S.M.F. ¶ 7.)

        Prior to the start of work, Mr. Brett determined where the home foundation

would be located and used stakes to indicate where the defendants should dig. (Supp.

S.M.F. ¶¶ 11-13.) Mr. Brett inspected the excavation work before the foundation was

installed, and the excavation work met his layout and blueprints. (Supp. S.M.F. ¶¶ 14-

15.) The parties later discovered that the foundation was too close to the road to accommodate the existing septic plan, so the plan had to be revised. (Supp. S.M.F. ¶ 17.) The revised plan was approved by the town and provided to the defendants, who then installed the system. (Supp. S.M.F. ¶¶ 19–20.)

The defendants completed their work in the spring of 2003. (Supp. S.M.F. ¶ 27.) Mr. Brett then asked them to come back to widen the driveway and fill an adjacent gully with gravel. (Supp. S.M.F. ¶ 29.) Mr. Brett testified that the gully was part of the original contract, but that no specific driveway width had ever been specified in the parties' agreement. (Supp. S.M.F. ¶¶ 30–31; Brett Dep. at 35–37.)

Mr. Brett filed his initial complaint on February 26, 2009. He did not serve the defendants, and on October 22, 2009, the court ordered the case dismissed unless a motion to retain on the docket was filed. Mr. Brett filed the motion to retain on November 19, 2009. The court gave him until December 22, 2009, to file an amended complaint, and until February 26, 2010 to serve the defendants with process. Mr. Brett filed his amended complaint on December 23, 2009, and never completed service. The defendants nonetheless filed an answer on March 9, 2010. They then filed this motion for summary judgment on November 24, 2010.

## DISCUSSION

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. Mr. Brett did not file a statement of material facts in opposition to the defendants' motion, so the defendants' asserted facts are deemed admitted. M.R. Civ. P. 56(h)(2) (2010).

The defendants' initial argument is purely procedural. While Mr. Brett's initial complaint was filed before the statute of limitations had run on his claims, he never

2

served the complaint on the defendants. After obtaining leave of court to retain his case on the docket, he served his amended complaint a day after the court-imposed deadline of December 22, 2009. By this time, the statute of limitations had run. He mailed a copy of this complaint to the defendants, but never attempted to complete service when they failed to file a return. The defendants filed an answer, effectively waiving their objections to the defective service. They ask, however, that the court not allow the time of commencement to relate back to Mr. Brett's initial filing due to his dilatory handling of his case.

The statute of limitations on civil actions requires that they be "commenced within [six] years after the cause of action accrues . . . ." 14 M.R.S.A. §752 (2010). An action is "commenced" by filing a complaint with the court. M.R. Civ. P. 3 (2010). Mr. Brett commenced this action on the defendants' alleged breach within six years of its occurrence. While his handling of this action does provide ample procedural grounds for dismissal, the motion will be addressed on the merits.

Mr. Brett's complaint alleges that the defendants breached the parties' contract in three ways. First, the defendants allegedly installed the septic system without a "Septitech" system, which is a treatment system that allows the septic to handle a greater volume of waste than it otherwise would. (Supp. S.M.F. ¶¶ 21–23; Brett Dep. at 16, 29.) Second, the defendants did not make the driveway as wide as Mr. Brett would have liked, and did not return to widen the driveway after he asked them to do so in the spring of 2006. (Supp. S.M.F. ¶ 29; Amd. Compl. ¶ 7.) Finally, the defendants did not fill a certain gully with gravel. (Supp. S.M.F. ¶¶ 29–30.) From these alleged defects, Mr. Brett charges the defendants with breach of contract, promissory estoppel, unjust enrichment, violations of the Unjust Trade Practices Act (UTPA), intentional

3

misrepresentation, negligent misrepresentation, and malice warranting punitive damages.

The difficulty with Mr. Brett's claims is that now, after the period for discovery has run, he has produced scant evidence supporting his claim. He cannot produce a copy of the parties written contract. In his deposition, he stated that he knew the defendants had not installed a Septitech tank because a representative from White Knight, a rival system, told him so. (Brett Dep. at 30–31.) This is clear hearsay. Mr. Brett has not otherwise verified that the system was not installed as contracted for.

Regarding the driveway and the gully, Mr. Brett admitted that a precise driveway width was never specified in the contract. (Brett Dep. at 37.) He also admitted that the defendants had fully completed their work within the scope of the contract before leaving the site in 2003. (Brett Dep. at 35.) These admissions essentially deprive Mr. Brett of a cause of action. He cannot recover in contract or under the UTPA because the contract was performed. He cannot recover in tort because he has not produced evidence of wrongdoing, and because the economic loss doctrine clearly bars a tort action where the only allegation is that the defendants' work did not meet the standards contracted for. *See Bayreuther v. Gardner*, 2000 Me. Super. LEXIS 140 (June 21, 2000) (Mills, J.) (economic loss doctrine bars tort claim for defectively designed and installed septic system); *L.L. Bean, Inc. v. United States Mineral Prods. Co.*, 1999 Me. Super. LEXIS 323 (Dec. 3, 1999) (Crowley, J.) (plaintiff cannot recover in tort for negligently manufactured and installed fireproofing absent allegation of personal injury or damage to other property); *see also Marquis v. Farm Family Mut. Ins. Co.*, 628 A.2d 644, 652 (Me. 1993) (no independent tort for bad-faith breach of contract).

4

## CONCLUSION

In response to the Defendants' Motion for Summary Judgment, Mr. Brett has failed to generate disputed material facts for consideration of the fact-finder. The Defendants' motion is therefore Granted.

The clerk may incorporate the judgment in the docket by reference.

Dated:        February 16, 2011

G. Arthur Brennan
Justice, Superior Court


PLAINTIFF PRO SE:
STEPHEN M BRETT
PO BOX 299
YORK BEACH ME   03910


ATTORNEY FOR DEFENDANTS:
THOMAS MCKEON
RICHARDSON WHITMAN LARGE & BADGER
PO BOX 9545
PORTLAND ME   04112-9545

5