MIR/SC # 318-17
11/27/17

STATE OF MAINE                                          SUPERIOR COURT
Cumberland, ss.


MTGLQ INVESTORS, L.P.

    v.                                          Docket No. CUMSC-RE-17-0110

MORTGAGE LENDERS
ELECTRONIC NETWORK USA, INC.,                          STATE OF MAINE
MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC Cumberland, ss. Clerk's Office
And MICHAEL SCHWARTZ and TUNDE SCHWARTZ,

           Defendants                                     SEP 1 9 2017
                                                       10:17PM
                                                       RECEIVED

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff MTGLQ Investors, L.P. has filed a Motion for Summary Judgment on its Complaint for Declaratory Judgment, To Quiet Title and/or For Equitable Relief. The motion is opposed by Defendant Michael Schwartz. Plaintiff has not filed a reply memorandum. The court elects to decide the Motion without oral argument. *See* M.R. Civ. P. 7(b)(7).

*Background*

The following summary is for background only, and is not necessarily a summary of facts established for purposes of summary judgment.

Defendant Mortgage Lenders Network USA, Inc. (""MLNUSA") was a mortgage lender with offices in Connecticut. MLNUSA has not been served in this case. At one point, MLNUSA evidently did business in Maine as a mortgage lender, but, according to the Complaint, its license to operate in Maine was revoked in 2007. According to an attachment to Plaintiff's Motion, MLNUSA

1

was the debtor in a Chapter 11 bankruptcy case in Delaware. *See In re Mortgage Lenders Network USA, INC.*, U.S. Bankr. Ct., D. Del, Case No. 07-10146 (PJW). The Entry and Final Decree and Order Closing Cases attached to the Motion indicates that a Mortgage Lenders Network Liquidating Trust was formed in the course of the bankruptcy and that a final distribution to creditors of trust assets was made as of May 2012.

Defendant Mortgage Electronic Registration System, Inc. (MERS) is an entity that serves as nominee on mortgages, for purposes of recording and tracking the status of mortgages. MERS has been served but has not filed a response to the Plaintiff's Complaint.

Defendants Michael Schwartz and Tunde Schwartz ["the Schwartz Defendants"] are individuals who own property on Chase Street, South Portland. Both of them have filed answers to the Complaint, but only Michael Schwartz has filed an opposition to the Plaintiff's Motion for Summary Judgment. In his affidavit submitted in response to the Motion, Mr. Schwartz acknowledges signing a mortgage with MLNUSA.

The note and mortgage attached to the complaint indicate that they were executed by Michael and Tunde Schwartz as borrowers and mortgagors. The note is in favor of MLNUSA. The mortgage identifies MLNUSA as "lender" and MERS as the "mortgagee" "for purposes of recording this mortgage," and indicates that the borrowers "mortgage, grant and convey the Property to MERS (solely as nominee for Lender and Lender's successors and assigns)."

The complaint alleges that the mortgage has been assigned through a series of recorded assignments as follows:

- by MERS to BAC Home Loans Servicing, L.P. in 2010

- by Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, L.P. to Nationstar Mortgage, LLC in 2013

- by Nationstar Mortgage, LLC to the Federal National Mortgage Association (FNMA) in 2016

- from FNMA to Plaintiff in January 2017.

Plaintiff's counsel's affidavit asserts that the Plaintiff is the current holder of the note executed by the Schwartz Defendants.

In his affidavit, Michael Schwartz avers that he was served with a foreclosure complaint in 2014 by Nationstar Mortgage, LLC. Attached to his affidavit is an order of dismissal without prejudice in the case. *See Nationstar Mortgage, LLC v. Schwartz*, Me. Super. Ct., Cum. Cty., Docket No. RE-14-08 (Order on Plaintiff's Motion to Dismiss) (Jun. 2, 2015).

### Standard of Review

"The function of a summary judgment is to permit a court, prior to trial, to determine whether there exists a triable issue of fact or whether the question[s] before the court [are] solely...of law." *Bouchard v. American Orthodontics*, 661 A.2d 1143, 44 (Me. 1995).

3

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653. A "material fact" is one that can affect the outcome of the case, and a genuine issue exists when there is sufficient evidence for a fact finder to choose between competing versions of the fact. *Lougee Conservancy v. City-Mortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774.

Maine Rule of Civil 56 requires that motions for and opposition to summary judgment must be supported by separate, short, and concise statements of material facts. M.R. Civ. P. 56(h)(1)-(2). Each assertion of fact set forth in a statement of material facts must be supported by a citation to the specific page or paragraph of identified record evidence supporting the assertion. M.R. Civ. P. 56(h)(4). The record evidence cited must be "of a quality that could be admissible at trial." *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 6, 770 A.2d 653. The court may disregard any assertions of fact not properly supported. M.R. Civ. P. 56(h)(4).

When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.*

*Analysis*

Plaintiff's claim in this case purports to be limited solely to establish Plaintiff's legal or equitable ownership of the mortgage. Plaintiff contends that it does not seek to adjudicate the Schwartz Defendants' liability to it on the note.

4

However, a judgment establishing Plaintiff as owner of the mortgage necessarily would affect the Schwartz Defendants for purposes of the declaratory judgment statute, which requires any person who claim a property interest that would be affected by the requested declaration to be joined. 14 M.R.S. § 5963. Thus, the statute itself, in effect, confers party standing on the Schwartz Defendants.

As Michael Schwartz's opposition to the Plaintiff's Motion contends, the fact that Plaintiff is the current holder of the note (assuming it is a fact) does not necessarily mean Plaintiff is entitled to be declared owner of the mortgage. *See Bank of America v. Greenleaf*, 2014 ME 89, ¶ 12, 96 A.3d 700. The mortgage in this case contains precisely the same language that has led the Law Court to conclude that the mortgage grants to MERS only the right to record the mortgage and not the right to convey any other right, title or interest. *See Greenleaf*, 2014 ME 89 at ¶ 16; *Mortgage Electronic Registration System, Inc. v. Saunders*, 2010 ME 79, ¶¶ 10-11, 2 A.3d 289. Because the Plaintiff's chain of title depends on the initial assignment by MERS, Plaintiff does not hold legal ownership of the mortgage by virtue of the series of assignments.

On the other hand, the court agrees with Plaintiff that, in a situation when the original lender is defunct, as appears to be the case here, declaratory judgment, quiet title and equitable relief may be appropriate avenues to resolve ownership of a mortgage in favor of the holder of the note. Maine recognizes the doctrine of equitable mortgage and it may be that Plaintiff can avail itself of the doctrine. Justice Clifford has analyzed these avenues in an opinion that the court

5

commends to counsel's attention if they have not seen it. See *United States Bank v. Decision One Mortgage Co.*, 2016 Me. Super. LEXIS 173.

In any event, for several reasons, the court is not prepared to grant summary judgment.

First, because, under the law of *Saunders* and *Greenleaf,* MERS lacked authority to assign ownership of the mortgage, ownership remained with MLNUSA and presumably the mortgage became an asset of the liquidating trust. The trust assets have been distributed to creditors, according to the bankruptcy order attached to the Plaintiff's Motion. It may be that an examination of the distribution can identify a transferee who should be joined. If there is no identifiable distribution of this asset (either specifically or in bulk), there still needs to be some type of service with respect to MLNUSA or any successors. This was evidently a chapter 11 bankruptcy and it is not clear whether MLNUSA or any successor entity exist today.

In other words, Plaintiff has not made a showing of due diligence in identifying where ownership of the mortgage may lie today.

Second, the court agrees with Defendant Michael Schwartz that the Plaintiff has not shown, through admissible evidence, that it is entitled to summary judgment. Plaintiff may have an argument that document it relies upon may be admissible under a hearsay exception or self-authenticating, but Plaintiff has not responded to Mr. Schwartz's opposition.

IT IS ORDERED: Plaintiff MTGLQ Investors, L.P.'s Motion for Summary Judgment is denied.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated 18 September 2017

A. M. Horton, Justice

PORSC-RE-17-110
Parties:

**Pltf: MTGLQ Investors L.P.**

Counsel: John Ney Jr., Esq
        Carrie Folsom, Esq.
        Monica Schoenbaum, Esq.

**Def: Mortgage Lenders Network USA Inc.**

(Not served)

**Def: MERS Inc.**

Counsel: Pro Se

**Def: Michael Schwartz**

Counsel: Frank D'Alessandro, Esq.

**Def: Tunde Schwartz**

Counsel: Pro Se