STATE OF MAINE                                  SUPERIOR COURT
CUMBERLAND, ss.                                 CIVIL ACTION
                                                DOCKET NO: CV-07-056

                                                RAC-CUM - 12/12/2007

HOMANS ASSOCIATES, INC./
HOMANS ASSOCIATES, LLC.

            Plaintiffs,
                                                **ORDER ON PLAINTIFFS'**
    v.                                          **MOTION FOR SUMMARY**
                                                **JUDGMENT**

PORTLAND AIR CONDITIONING, INC. and
KATHRYN MOONEY,

            Defendants.


This case comes before the Court on Plaintiffs Homans Associates, Inc.

and Homans Associates, LLC.'S (Plaintiffs) Motion for Summary Judgment

pursuant to M.R. Civ. P. 56.

## FACTUAL BACKGROUND

The facts of this case are undisputed as Defendants have failed to properly

respond to Plaintiffs' motion for summary judgment pursuant to M.R. Civ. P.

56(c), (e), and (h).

Plaintiffs brought this action in order to collect on a debt owed by

Defendant Portland Air Conditioning, Inc. (Portland Air) which debt was

personally guaranteed by Defendant Kathryn Mooney (Ms. Mooney)

(collectively the "Defendants"). The Defendants received materials supplied by

Plaintiffs and have failed to pay the invoices due for those materials. The

amount outstanding on the invoices is $54,069.29. The credit agreement also

provided for interest and attorneys fess. With interest and service fees the total

amount claimed through August 30, 2007 is $67,980.52. Plaintiff claims $1,757.00

in attorney's fess through August 31, 2007 by affidavit of Jeffrey Jones, Esq.

Defendants deny that a credit agreement exists between the parties and deny that there have been no payments have been made on the invoices.

## STANDARD OF REVIEW

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22.

## DISCUSSION

Plaintiffs moved for summary judgment on September 18, 2007. Defendants filed a timely opposition on October 1, 2007; however, the opposition failed to comply with the Maine Rules of Civil Procedure. *See* M.R. Civ. P. 56. According to those rules, "an adverse party may not rest upon the mere allegations or denials of that party's pleading, but must respond by affidavit or as otherwise provided in this rule. . . . " M.R. Civ. P. 56(e). Consequently, Defendants had the "obligation to come forward with affidavits or other materials setting forth by competent proof specific facts that would be admissible in evidence. . . " *Bangor & Aroostook R.R. Co. v. Daigle*, 607 A.2d 533, 535 (Me. 1992) (citations omitted). Facts not properly controverted are deemed admitted. M.R. Civ. P. 56(h)(4).

Defendants' only filing in opposition to summary judgment is a reply to Plaintiffs' statement of material facts. There is no memorandum of law and there are no affidavits in support of the opposition. The denials are largely unsupported by any record citations. The only record citation given is a reference to an "Exhibit A – Vendor Ledger" attached to the opposition. It appears to be a vender ledger from Portland Air Conditioning, but no affidavit is associated with the exhibit to provide a foundation, nor is it stipulated to by Plaintiffs. Consequently, the citation reference is inadmissible under M.R. Civ. P. 56(e).

The Defendants claim that the credit agreement between the parties is not binding as Plaintiffs' corporate status has changed. For the same reasons, Defendants claim that Kathryn Mooney's personal guaranty is not valid. Moreover, Defendants claim that some payments have been made to Plaintiffs.

In contrast, Plaintiffs' have moved for summary judgment and supported that motion in compliance with the Maine Rules of Civil Procedure. *See* M.R. Civ. P. 56(e). Plaintiffs have filed invoices credited by an affidavit of Karen Tise, Plaintiffs' Credit Manager, as well as Defendants' credit agreement with Plaintiffs (also supported by affidavit). Each statement of material fact proffered by Plaintiffs is supported by a specific record citation.

Based on the foregoing, Plaintiffs' statement of material facts are deemed admitted because they have not been properly controverted. Accordingly, summary judgment is granted to Plaintiffs as a matter of law because there are no genuine issues of material fact in controversy.

**Therefore, the entry is:**

Plaintiffs' Motion for Summary Judgment against Defendants is GRANTED. Under a credit agreement Defendants owe Plaintiffs $67,980.52 plus attorney's fees in the amount of $1,757.00.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _12th_ day of _December_ 2007.

Roland A. Cole
Justice, Superior Court

4

JEFFREY JONES ESQ
243 US ROUTE ONE
SCARBOROUGH ME 04074

*Plaintiff*

KATHRYN MOONEY/PORTLAND AIR CONDITIONING
401 MANSONLIBBY ROAD
SCARBOROUGH ME 04074

*Defendant*