STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
YORK, ss.                                         DOCKET NOS.


BIRCHCREST ASSOCIATION,

              Plaintiff

        v.                                        RE-08-127

DAVID SWETT and
LEONE SWETT,

              Defendants
*****************************************
BIRCHCREST ASSOCIATION,

              Plaintiff

        v.                                        RE-08-128

IVORY LIBBY and
REGINA LIBBY,

              Defendants


## ORDER

Pending are Plaintiff's Motions for Summary Judgment seeking foreclosure or a declaration of deficiency in these two cases. Defendants oppose the Motions and request judgment against Plaintiff pursuant to M.R. Civ. P. 56(c) in each case.

Because Plaintiff's arguments against the Libbys and the Swetts are identical in all relevant aspects, both will be addressed in this order.

### BACKGROUND

Birchcrest is a residential area served by private roads and beaches on Lake Ossipee in East Waterboro, Maine. On July 25, 1980, Ivory and Regina Libby purchased the property at 40 Betty Lane from Edward and Barbara Reall. Supp. S.M.F. ¶ 2. The

Libby's Deed expressly granted them and their assigns "the right to use in common with others the so-called Camp Roads and walkway as shown on the so-called plan of 'Birch Crest[,]' . . . [and] the right of access to Ossipee Lake, so-called, for bathing purposes. Supp. S.M.F. ¶ 2, Exh. A.

Guy Raymond and Mignonne McDowell owned a number of properties in Birchcrest, and on October 5, 1988 they subjected those properties to a Declaration of Covenants and Restrictions. Def.'s Ans. Exh. C. They also incorporated the not-for-profit Birchcrest Association (also "Plaintiff") "to provide for the maintenance, insurance and real estate taxes of the Beach area, and snow plowing the roads in the Birchcrest Subdivision." Supp. S.M.F. ¶ 5; Def.'s Ans. Exh. C at §§ 1–2. The Birchcrest Association's voting membership consists of the owners of lots subject to Raymond and McDowell's Declaration of Covenants and Restrictions, and the Association has the power to enforce the terms set forth in that document. Def.'s Ans. Exh. C at §§ 2, 3, 7. Raymond and McDowell did not have any property interest in 40 Betty Lane when they executed the Declaration, and the Libby's never joined or contracted with the Birchcrest Association. Opp. S.M.F. ¶ 6.

On October 28, 1994 the Libbys executed a Land Installment Contract with David and Leona Swett, in which the Libbys placed in escrow a deed conveying title in 40 Betty Lane to the Swetts. Pl.'s Compl. Exh. A. Title will pass to the Swetts upon final payment of the purchase price, scheduled to occur on October 30, 2009. *Id.*

On July 28, 2001, Migonne McDowell conveyed a lot identified as "no.M-2 Reserved Beach for Birchcrest Lot Owners" to the Birchcrest Association to avoid foreclosure on a tax lien against the parcel. Supp. S.M.F. ¶¶ 3–4. The Association took title to the beach "subject to all covenants, restriction, declarations, easement and rights of way of record." Supp. S.M.F. Exh. D.

2

In August 2008, the Birchcrest Association notified the Libbys and the Swetts (collectively "Defendants") that they were past due on assessments and dues the Association had allocated to 40 Betty Lane for the use of Birchcrest's roads and beaches. Pl.'s Compl. Exh. C. In October 2008, the Association recorded liens against Defendants for the assessments and dues allegedly owed to the Association, plus interests, fees, and costs. Supp. S.M.F. ¶ 8, Exh. E; Pl.'s Compl. Exh. B. Defendants refused to pay, and the Association filed these foreclosure actions on November 21, 2008. Plaintiff filed these Motions for Summary Judgment on June 2, 2009.

## DISCUSSION

Plaintiff argues that Defendants are essentially tenants in common with the other Birchcrest lot owners because Defendants own the portion of Betty Lane in front of their property, and use the roads and beach in common with other residents. Plaintiff proceeds against the Libbys as holders of title-in-fact, and against the Swetts as holders of equitable title. Plaintiff admits that "Defendants and the other lot owners may not be tenants in common in the traditional sense of being grantees in a deed," but asserts that equity requires them to contribute to "the maintenance, upkeep, taxes and insurance for the beach area" and roads. Pl.'s Mem. of L. at 4. Plaintiff asserts that the Libbys owe $2,495.44, that the Swetts owe $2,899.48, and seeks a judgment of foreclosure against 40 Betty Lane. Alternatively, Plaintiffs request that Defendants be found tenants in common with the other residents of Birchcrest, and a declaration that Plaintiff is owed $839.86 from the Libbys and $1,239.86 from the Swetts to reimburse Plaintiff for maintenance costs.

Defendants argue that they are not subject to the 1988 Declaration of Covenants and Restrictions and have no monetary obligation to Plaintiff because their deeded right

3

to use the roads and beach is absolute. Defendants also argue that Plaintiff has no right or interest in 40 Betty Lane on which to foreclose.

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. "Summary judgment, when appropriate, may be rendered against the moving party." M.R. Civ. P. 56(c).

## 1. Foreclosure

Plaintiff does not claim to have any mortgage interest in 40 Betty Lane, making the traditional foreclosure provisions of 14 M.R.S.A. § 6321 *et seq.* inapplicable. Plaintiff also does not claim that this situation is governed by 13 M.R.S.A. § 2691 *et seq*, which governs the "proprietors of lands and wharves." Plaintiff appears to claim authority under the 1988 Declaration of Covenants and Restrictions. However, Defendants were not party to the Declaration when it was executed and have never voluntarily subjected themselves to its provisions, placing them beyond its bounds. Taken together, Plaintiff has not advanced any viable legal theory to support its liens or its power to force the sale of Defendants' property. Plaintiff's Motion for Summary Judgment of foreclosure will be denied, and judgment on this issue will be granted for Defendants.

## 2. Tenancy in Common

Plaintiff acknowledges that Defendants do not share title to the roads or beach with the other residents of Birchcrest, but asks this Court to declare them tenants in common in order to compel Defendants to contribute to Plaintiff's expenses. Plaintiff suggests "equity" compels such a result, but otherwise cites no authority to suggest that Defendants' right to use the road makes it a co-owner of that road, and Plaintiff asserts that it alone is the fee owner of the beach. Defendants' deeded right to use is more akin

4

to an easement than a co-tenancy, and Plaintiff has not provided any authority directing this Court to transmute the one into the other. Plaintiff's Motion for Summary Judgment on this issue will be denied, and judgment on this issue will be granted for Defendants.

The entries will be as follows:

On Plaintiff's Motion for Summary Judgment, judgment for each Defendant on all counts.

Dated:        October 2/, 2009

G. Arthur Brennan
Justice, Superior Court