STATE OF MAINE                                  SUPERIOR COURT
CUMBERLAND, ss                                  CIVIL ACTION
                                                Docket No. RE-10-552
                                                /VM - Cum - 5/17/20

NORTHERN TRUST, N.A.,

                         Plaintiff,

            v.                                  ORDER ON MOTION
                                                FOR SUMMARY JUDGMENT
THOMAS W. HEDGE and
CHARLOTTE F. HEDGE
individually and as Trustees
of the Hedge Family Trust
under Instrument dated
July 21, 2001



                         Defendant,

JPMORGAN CHASE
BANK, N.A.,[1]

                  Party-In-Interest.


    The plaintiff moves for summary judgment in an action for foreclosure brought

pursuant to 14 M.R.S.A. § 6321, et seq. The defendants filed no response. Regardless of

whether the defendants have filed an objection, however, this motion is subject to Rule

56(j), which imposes detailed requirements for granting summary judgment in

foreclosure actions. M.R. Civ. P. 56(j).[2] The court has an independent obligation to

---

[1] The court entered a default against JPMorgan Chase Bank, N.A. on February 16, 2011.

[2] M.R. Civ. P. 56(j) states:

> No summary judgment shall be entered in a foreclosure action filed pursuant to
> Title 14, Chapter 713 of the Maine Revised Statutes except after review by the
> court and determination that (i) the service and notice requirements of 14 M.R.S. §
> 6111 and these rules have been strictly performed; (ii) the plaintiff has properly
> certified proof of ownership of the mortgage note and produced evidence of the
> mortgage note, the mortgage, and all assignments and endorsements of the

1

ensure compliance with this rule. M.R. Civ. P 56(j) advisory committee's note to 2009 amend.[3] The court must also determine if the mortgage holder has set forth in its statement of material facts the minimum facts necessary for summary judgment in a residential mortgage foreclosure. Chase Home Finance LLC v. Higgins, 2009 ME 136, ¶ 11, 985 A.2d 508, 510-11.

| | Compliant | Non-compliant or unclear |
|---|---|---|
| **Service:** Proof of service on all defendants and parties in interest. | ☐ | ✗ |
| **Jurisdiction:** Case brought in the court division where the property (or any part of it) is located. *See* § 6321. | ✗ | ☐ |
| **Mortgage:** | | |
| Proof of existence of the mortgage, book and page number, and adequate description of property (including street address if any on first page of complaint). | ✗ | ☐ |
| Properly presented proof of ownership of the mortgage, including any assignments or endorsements. | ☐ | ✗ |
| **Note:** Properly presented proof of ownership of the mortgage note, including all assignments and endorsements. | ☐ | ✗ |
| **Breach:** A breach of condition in the mortgage. | ✗ | ☐ |

---

mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

[3] The Advisory Committee note states:

This amendment to Rule 56 is designed to assure that, prior to entry of any summary judgment in a foreclosure action, the trial court reviews the record and determines that, as required by law, the notice and service requirements of law have been complied with and any available mediation has been completed or has been waived.

M.R. Civ. P 56(j) advisory committee's note.

| | Compliant | Non-compliant or unclear |
|---|---|---|
| **Amount Due:** The amount due on the mortgage note, including any reasonable attorney fees and court costs.[4] | X | ☐ |
| **Priority:** The order of priority and amounts due to other parties in interest, including any public utility easements.[5] | ☐ | X |
| **Notice:** Evidence that all steps mandated by 14 M.R.S. § 6111 to provide notice to mortgagor were strictly performed (including that contents of the notice comply with § 6321-A).[6] | X | ☐ |
| **M.R. Civ. P. 56:** All facts relied upon in support of summary judgment are properly set forth in Rule 56(h) statements and properly supported in the record. | ☐ | X |
| **Mediation:** If required by M.R. Civ. P. 93 (for cases filed after Dec. 31, 2009) or court order, proof mediation has been completed or validly waived (by action or by default). | ☐ | X |
| For cases filed after Dec. 31, 2009, in accordance with M.R. Civ. P. 93(c)(4), proof that plaintiff served defendant(s) financial forms used to consider alternatives to foreclosure at the time of the complaint.[7] | X | ☐ |

---

[4] The plaintiff states that the note entitles it to "all of its costs and expenses in enforcing this Note . . . ." (Pl.'s S.M.F. ¶ 7; Pl.'s Ex. A p. 3 ¶ 7e.) Although the plaintiff does not state the amount of attorneys' fees and cost due in the statement of material facts, the plaintiff does cite directly to an affidavit in which counsel details the plaintiff's costs and expenses.

[5] The plaintiff's proposed judgment removes party-in-interest, JPMorgan Chase Bank from the order of priority. Though the party-in-interest is in default, JPMorgan should be listed in the order of priority in the proposed judgment. Title 14, section 6322 of the Maine Revised Statutes states that the court must determine the order of priority and amounts due to parties-in-interest that _may_ appear. 14 M.R.S. § 6322. A default means that the allegations in the complaint are deemed admitted. Franco v. Selective Ins. Co., 184 F.3d 4, 9 n. 3 (1st Cir. 1999) ("A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability.").

[6] The property at issue in this case is not owner occupied residential property. Therefore, 14 M.R.S. § 6111 does not apply.

[7] The plaintiff is exempt from the court sponsored foreclosure mediation program because the property is not owner occupied or the defendants' primary residence. See M.R. Civ. P. 93(a)(3) & (4).

3

|  | **Compliant** | **Non-compliant or unclear** |
|---|:---:|:---:|
| **SCRA:** If defendant has not appeared in the action, a statement, with supporting affidavit, of whether the defendant is in military service as required by the Servicemember's Civil Relief Act, 50 U.S.C. app. § 521. | ✗ | ☐ |

The court denies the plaintiff's motion on the following grounds: The plaintiff has not submitted proper proof of ownership of the 2001 mortgage and note.[8] The mortgage and note were executed and delivered to Northern Trust Bank of Florida, N.A. (Pl.'s S.M.F. ¶¶ 1-2.) The plaintiff's statement of material facts does not address this change in ownership. Facts not set forth in the statement of material facts are not in the summary judgment record, and therefore are not properly before the court. See M.R. Civ. P. 56(h)(1) ("[e]ach fact asserted in the statement [of material facts] shall be set forth in a separately numbered paragraph and shall be supported by a record citation"); see also Chase Home Finance LLC, 2009 ME 136, ¶ 12 n.4, 985 A.2d at 511 (citing Levine v. R.B.K. Caly Corp., 2001 ME 77, ¶ 5, 770 A.2d 653, 655 ("A party who moves for a summary judgment must properly put the motion and, most importantly, the material facts before the court . . . .")).

Additionally, the record does not reflect that Charlotte Hedge was properly served. As stated above, the plaintiff has not appropriately addressed the issue of priority. Finally, although this case is exempt from the Foreclosure Mediation Program because the property at issue is not owner occupied residential property, the record does not reflect that the parties complied with the court's order to participate in private

---

[8] Plaintiff Northern Trust, N.A. is identified on the 2010 note and mortgage. (Pl.'s S.M.F. ¶¶ 3-4; Pl.'s Exs. E-F.)

4

Alternative Dispute Resolution. (See Order Granting Plaintiff's Motion to Proceed without Engaging in Court-Sponsored Foreclosure Mediation, January 14, 2011.)

The entry is

The Plaintiff's Motion for Summary Judgment is DENIED.

The Parties are ORDERED to comply with the Court's order to participate in private ADR.

Date: May 16, 2011

Nancy Mills
Justice, Superior Court

5

| Date Filed | Action | | | Answer Due Date: | | | | Docket No. | |
|---|---|---|---|---|---|---|---|---|---|
| 11-09-10 | FORECLOSURE | | | | | | | RE-10-552 | |

| Scheduling Order Issued: *1·20·11* | Discovery Deadline: *5·20·11* | Jury ☐ Fee Pd. ☐ Non-Jury ☐ | Statement Filed: Order to File Statement: | Length of Trial: | Rule 16(b) ☐ Rule 16(c) ☐ | Pre Trial ( Issued: |
|---|---|---|---|---|---|---|

Plaintiff(s)   *Statement 10·5·11*
NORTHERN TRUST NA   *report 5·30·11*

*mediation w/() was*

Defendant(s)
✓THOMAS W HEDGE
THOMAS W HEDGE (TRUSTEE)
CHARLOTTE F HEDGE
CHARLOTTE F HEDGE (TRUSTEE)
JPMORGAN CHASE BANK NA *scheduled 2/6/11*
vs.

Plaintiff's Attorney(s)

PATRICK A PARSON ESQ
PETER W DRUM ESQ

Defendant's Attorney(s)
pro se
530 GOLF LINKS LANE
LONGBOAT KEY, FL 34228-3520