STATE OF MAINE                                     SUPERIOR COURT
CUMBERLAND, ss.                                        CIVIL ACTION
                                              DOCKET NO: CV-11-284
                                              RAC-Cum-4/19/2012

IRVING OIL TERMINALS INC.,

          Plaintiff,

     v.                              **ORDER**

OUR OIL LLC,

          Defendant.

Pursuant to M.R. Civ. P. 56, plaintiff Irving Oil Terminals Inc.'s Motion for Summary

Judgment is before the court.

## BACKGROUND

On August 15, 2010, Our Oil LLC filed an Application for Commercial Credit

with Irving Oil Terminals Inc. (Irving). (S.M.F. ¶ 1.) Pursuant to this application, Irving

provided Our Oil with an account allowing Our Oil to purchase petroleum and

petroleum-related products ("products") sold by Irving. (S.M.F. ¶¶ 1, 2.) Additionally,

Our Oil agreed to pay Irving for products on a set timeframe with 18% annual interest

on outstanding balance due. (S.M.F. ¶ 3.) Starting around September 2010 Irving

provided products to Our Oil and billed the purchases to the account, but Our Oil failed

to pay the sum due. (S.M.F. ¶¶ 4-6.)

On February 18, 2011, Irving and Our Oil entered into a repayment agreement

where Our Oil agreed to pay the unpaid balance of $98,344.95, at $5,000 a week for

twenty weeks. (S.M.F. ¶¶ 9, 10.)[1] Although the parties agreed to the $5,000 a week

---

[1] Our Oil again denies these statements and cites generally to the Affidavit of Feenstra. (Opp.
S.M.F. ¶¶ 9, 10.) This affidavit only asserts that Feenstra did not enter into "a written
repayment agreement with Irving Oil for $98,344.95." (Feenstra Aff. ¶ 3.) He does not contest

1

payment in an email, a signed copy of the agreement was not produced. (Roach Aff. exs. F, G.) Our Oil partially performed on the agreement by submitting two $5,000 payments and one $1,500 payment, but it has not made any additional payments since March 21, 2011. (S.M.F. ¶¶ 11, 12.)

"To date, despite due demand, Our Oil has failed and/or refused to pay to Irving the amount due on the Account, totaling $86,844.95, plus all allowable pre- and post-judgment interest, attorney fees, and other expenses and costs of collection." (S.M.F. ¶ 14 admitted by Opp. S.M.F. ¶ 14.) Our Oil is obligated to pay 18% annual interest and collection costs including reasonable attorney fees. (S.M.F. ¶ 15 admitted by Opp. S.M.F. ¶ 15.) Therefore, Our Oil owes Irving $86,844.95 on the account for the products Irving provided, plus interest, attorney fees, costs, and expenses. (S.M.F. ¶ 16.) Our Oil denies the amount due claiming that a third party is responsible for many of the relevant charges. (Opp. S.M.F. ¶ 16.)

## DISCUSSION

### 1. Standard of Review

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653. A motion for summary judgment must be supported by citations to record evidence of a quality that would be admissible at trial. *Levine*, 2001 ME 77, ¶ 6, 770 A.2d 653 (citing M.R. Civ. P. 56(e)). An issue of "material fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." *Inkell v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745 (quoting *Lever v. Acadia Hosp. Corp.*, 2004 ME

---

that he entered into an agreement, and there are emails indicating that he intended to pay $5,000 a week. (Roach Aff. ex. G.) While Our Oil denies entering into a *written* repayment agreement, it does not deny generally entering into the repayment agreement.

2

35, ¶ 2, 845 A.2d 1178). The evidence is viewed "in the light most favorable to the nonmoving party." *Driscoll v. Mains*, 2005 ME 52, ¶ 6, 870 A.2d 124 (quoting *Tucci v. City of Biddeford*, 2005 ME 7, ¶ 9, 864 A.2d 185).

### 2. Breach of Contract

Irving filed a six-count complaint based on the asserted breach of contract by Our Oil. This motion for summary judgment addressed each count individually, but each argument basically asserted that Our Oil agreed to pay Irving for products, Irving delivered products, Our Oil did not pay, and now Our Oil owes Irving money. Overall, Our Oil agrees that it owes Irving money. It does not admit the amount it owes, but it fails to provide sufficient evidence indicating that it owes a different amount, while Irving has submitted ample evidence demonstrating the amount due.

If the court accepts Our Oil's claim that a third-party made many of the purchases on the account, this fact does not reduce Our Oil's liability under the contract. *See Me. Farmers Exch. v. Farm Credit of Me.*, 2002 ME 18, ¶ 16, n.10, 789 A.2d 85 (citing Restatement (Second) of Contracts § 240 cmt. b (1981)) (noting that even if a separate contract was formed with the third party that does not reduce liability in the original contract). As a result, Our Oil breached the contract and is liable to Irving for the outstanding amount due.

**The entry is:**

The Plaintiff's Motion for Summary Judgment is **GRANTED**.

DATE: _April 9, 2012_

_____
Roland A. Cole
Justice, Superior Court

3

IRVING OIL TERMINAL INC VS OUR OIL LLC
UTN:AOCSsr  -2011-0059943                          CASE #:PORSC-CV-2011-00284
------------------------------------------------------------------------------

01 0000004155            DUNLAP, KEITH JAMES
   ONE CANAL PLAZA SUITE 900 PO BOX 426 PORTLAND ME 04112-0426
   F     IRVING OIL TERMINAL INC                    PL        RTND    06/27/2011

02 0000004294            GIESE, SCOTT DAVID
   160 MAIN STREET SUITE 101 BIDDEFORD ME 04005
   F     OUR OIL LLC                                DEF       RTND    07/26/2011