STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-11-108

RAC - CuM - 5/3/2012

RICHARD D. MCGINLEY, JR.,

Plaintiff,

v.                                          **ORDER**

LIBERTY INSURANCE HOLDINGS, INC.
d/b/a LIBERTY MUTUAL INSURANCE
COMPANY

and

ALLISON B. GREEN

Defendant.

STATE OF MAINE
Cumberland, ss., Clerk's Office

MAY 0 3 2012

RECEIVED

A Motion for Summary Judgment from defendant Liberty Insurance Holding, Inc.

d/b/a Liberty Mutual Insurance Company (Liberty Mutual) is before the court.

Defendant Allison Green did not participate in this motion.

### BACKGROUND

On August 1, 2010, defendant Allison Green negligently drove her motor vehicle

in the path of plaintiff Richard McGinley's bicycle. (S.M.F. ¶ 1.) At the time of the

accident, Green was driving a vehicle owned by ARI and registered and leased to

Liberty Mutual. (Add'l S.M.F. ¶¶ 39–40.) She had been issued this vehicle to use both

in the course of her employment and for personal every day use. (S.M.F. ¶ 7.)

At the time of the accident, the plaintiff alleges that Green was an employee of

Liberty Mutual. (S.M.F. ¶ 2.) Green claims that Peerless Insurance Company employed

her. (S.M.F. ¶ 6 denied by Opp. S.M.F. ¶ 6.) Peerless Insurance Company is a wholly

owned subsidiary of Liberty Mutual. (Opp. S.M.F. ¶ 6.) Green's job title was "territory

1

manager" and her position required her to travel about 80% of her working time. (Add'l S.M.F. ¶¶ 19, 23.) Prior to receiving a company vehicle, Green was not required to take a defensive driving course. (Add'l S.M.F. ¶ 27.) Additionally, she was not required to take a road test, a vision test, or participate in a drive-along with training or supervisory personnel. (Add'l S.M.F. ¶¶ 28–30.)

There is no indication that Green has had a motor vehicle violation in the past five years. (S.M.F. ¶ 16 qualified by Opp. S.M.F. ¶ 16.) She did receive a ticket for traveling the "wrong way down a one way street" roughly 13 or 14 years ago. (Add'l S.M.F. ¶ 31; Opp. Add'l S.M.F. ¶ 31.) Additionally, she received a warning for speeding when she was seventeen. (Add'l S.M.F. ¶ 33; Opp. Add'l S.M.F. ¶ 33.) Finally, she was involved in an automobile accident approximately fourteen years ago. (Add'l S.M.F. ¶ 32; Opp. Add'l S.M.F. ¶ 32.)

As a territory manager, Green controlled her schedule and she worked weekdays and at home sometimes on the weekends. (Add'l S.M.F. ¶ 22; Opp. Add'l S.M.F. ¶ 22.) Green claims at the time of the accident, which was a Sunday morning, she was not working because it was a day off. (S.M.F. ¶¶ 9–10 denied by Opp. S.M.F. ¶¶ 9–10.) She was driving home after taking her son to an indoor playground. (S.M.F. ¶ 11.) After getting into the accident, Green followed the protocol set forth in the driver procedural manual, which Liberty Mutual had prepared. (Add'l S.M.F. ¶¶ 37, 38.)

On March 17, 2011, McGinley filed a complaint with this court alleging negligence against Green in Count I and negligence against Liberty Mutual in Count II. Liberty Mutual filed this motion for summary judgment.

2

## DISCUSSION

### 1. Standard of Review

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653. "A genuine issue of material fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." *Inkell v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745 (quoting *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1179). Any ambiguities must be resolved in favor of the non-moving party. *Beaulieu v. The Aube Corp.*, 2002 ME 79, ¶ 2, 796 A.2d 683.

### 2. Liability

Liberty Mutual is not a proper party to this suit for two reasons. First, Green was not acting in the scope of her employment when the accident occurred so it is not vicariously liable. Second, Liberty Mutual was not negligent in its entrustment of the vehicle to Green.

#### a. Green was not acting within the scope of her employment

If Green is an employee of Liberty Mutual[1], then Liberty Mutual can be held liable for Green's negligence, if she was acting within the scope of employment when the accident occurred. *Mahar v. StoneWood Transp.*, 2003 ME 63, ¶ 13, 823 A.2d 540. "Conduct that is within the scope of employment is the type of conduct the employee was hired to perform; occurs within the time and space of the employment; and is undertaken, at least partially, to serve the employee's master." *Morgan v. Kooistra*, 2008 ME 26 ¶ 21, 941 A.2d 447. The facts indicate that Green was not acting within the scope of her employment when the accident occurred.

---

[1] The parties disagree regarding whether Liberty Mutual employed Green. Based on the other

3

The accident occurred on a Sunday when Green claims that she was driving home after taking her son to an indoor playground. (S.M.F. ¶¶ 9, 11, 12.) The only evidence before the court regarding Green's weekend work habits indicated that she sometimes works from home on Sunday. (Green Dep. 15:2-4.[2]) As a result, no facts indicate that Green ever drives the car for work on the weekend. Therefore, there is no factual support for the argument that Green was acting within the scope of her employment.

   b. <u>Liberty Mutual was not negligent in its entrustment of the vehicle to Green</u>

The plaintiff argues that even if Green was not driving the vehicle in the scope of her employment, Liberty Mutual acted negligently when it entrusted Green with the vehicle. In order to prove negligent entrustment the plaintiff must prove the following:

> (1) the entrustee was incompetent, inexperienced, or reckless; (2) the entrustor knew or had reason to know of the entrustee's condition or proclivities; (3) there was an entrustment of the chattel; (4) the entrustment created an appreciable risk of the harm to the plaintiff and a relational duty on the part of the defendant; and (5) the harm to the plaintiff was proximately caused or legally caused by the negligence of the defendant.

*Yunker v. Iverson*, 1997 Me. Super. LEXIS 197, *4-5 (July 1, 1997) (quoting *Balentine v. Sparkman*, 937 S.W.2d 647, 650 (Ark. 1997)); *see also* Restatement (Second) of Torts §§ 308, 390 (1965). The plaintiff asserts, "[c]learly, allowing an employee with prior violations to drive a company vehicle without any further testing requirements demonstrates negligence on the part of Liberty Mutual, as the lessee of the vehicle and as the employer." (Opp. Mot. Summ. J. 9.)

There is no indication here that Green, as the entrustee, was incompetent, inexperienced, or reckless. "[T]he mere allegation of a prior accident or uninsured

---

[2]    Q. What days during the week would you work?
    A. Monday through Friday and at home sometimes on the weekends.
(Green Dep. 15:2-4.)

status does not conclusively demonstrate that someone is an 'incompetent, inexperienced, or reckless' driver." *Rouseel v. Lucas*, 2007 Me. Super. LEXIS 13, *6 (Jan. 19, 2007). Since the driving record only appears to contain minor incidents that occurred over a decade ago, there is no indication on the record that Liberty Mutual acted negligently in its entrustment of the vehicle to Green.

**The entry is:**

The Defendant's Motion for Summary Judgment is **GRANTED**.

DATE: _May 3, 2012_

_____
Roland A. Cole
Justice, Superior Court

5

--------------------------------------------------------------------

01 0000002369          MOORE, FREDERICK
   511 CONGRESS STREET SUITE 805 PORTLAND ME 04101

| | | | | |
|---|---|---|---|---|
| F | LIBERTY INSURANCE HOLDINGS INC | DEF | RTND | 04/04/2011 |
| F | ALLISON B GREEN | DEF | RTND | 04/04/2011 |

02 0000009078          TAYLOR, ADAM S
   30 MILK STREET 5TH FLOOR PORTLAND ME 04101

| | | | | |
|---|---|---|---|---|
| F | RICHARD D MCGINLEY, JR | PL | RTND | 03/17/2011 |

03 0000009421          NEY, JOHN MICHAEL JR
   179 FOWLER ROAD CAPE ELIZABETH ME 04107

| | | | | |
|---|---|---|---|---|
| F | RICHARD D MCGINLEY, JR | PL | RTND | 03/17/2011 |