STATE OF MAINE                           SUPERIOR COURT
YORK, ss.                                CIVIL ACTION
                                         DOCKET NO. CV-2016-0239


MICHAEL HOCH                  )
                             )
            Plaintiff,        )
                             )              ORDER ON
      v.                      )        DEFENDANT'S MOTION
                             )        FOR SUMMARY JUDGMENT
KINGSTON BRASS, INC. d/b/a    )
ELEMENTS OF DESIGN            )
                             )
            Defendant.        )

Plaintiff Michael Hoch brings this action against defendant Kingston Brass, Inc.

("Kingston") to recover damages sustained as a result of a water leak that occurred in Hoch's

vacation home. Kingston now moves for summary judgment on all counts of the Plaintiff's

complaint pursuant to M.R. Civ. P. 56.[1]

I.   **Summary Judgment Factual Record**

On or about September 18, 2015, Mr. Hoch discovered a water leak occurred in his

vacation home in Newry, Maine. (Defendant's Statement of Material Fact ("DSMF") ¶ 1.)

Hoch alleges the leak was caused by the failure of a plumbing component—a "hot water riser"—

manufactured and/or sold by Kingston in a defective condition. (*Id.* ¶¶ 2-4.) He seeks recovery

under theories of negligence (Count I), products liability (Count II), and breach of the implied

warranty of merchantability (Count III). (Pl.'s Compl. ¶¶ 12-24.)

Plaintiff has no documentation to support his assertion that Kingston manufactured or

sold the allegedly defective hot water riser at issue. (DSMF ¶ 7.) Numerous entities besides

---

[1] In conjunction with the present motion, Defendant has moved to exclude certain testimony of Plaintiff's expert witness, Professional Engineer John P. Certuse. The Court has concluded it can rule on the present motion based on the summary judgment record without determining the admissibility of Mr. Certuse's opinions.

Kingston market, manufacture, and/or sell hot water risers identical in appearance to the allegedly defective hot water riser recovered from Hoch's home, including four entities that market and sell identical components. (*Id.* ¶¶ 5-6.)

Plaintiff admits it has no documentary proof that Kingston manufactured the hot water riser at issue, and that there are numerous other entities besides Kingston that manufacture, market, and sell "identical" hot water risers. (*See* Pl.'s Opp. Statement of Material Fact, ¶¶ 2-7.)

Plaintiff submitted an Additional Statement of Material Fact ("PASMF"), asserting a number of facts which make it more likely that Kingston manufactured the hot water riser in a defective condition. Kingston has objected to all but one of Hoch's statements of material fact, and admitted that Kingston has sold the Model No. DS481 riser—which Hoch alleges to be the same model as the allegedly defective riser—for over eighteen years. (*See* PASMF ¶ 3; Def.'s Rep. PASMF, *passim.*) Accordingly, the Court must first rule on Defendant's objections to Plaintiff's Additional Statements of Material Fact to determine whether Plaintiff has met its burden of demonstrating the existence of a triable factual dispute as to each of the elements of its claims.

## A. Plaintiff's Reference to Materials Outside the Record

The party opposing a motion for summary judgment "shall submit with its opposition a separate, short, and concise opposing statement[,]" which "may contain . . . any additional facts which the party opposing summary judgment contends raises a disputed issue for trial . . . and supported by a record citation as required by [M.R. Civ. P. 56(h)(4)]." M.R. Civ. P. 56(h)(3). "The court may disregard any statement of fact not supported by a specific record citation to record material properly considered on summary judgment." M.R. Civ. P. 56(h)(4).

2

Paragraphs one and two of Plaintiff's Additional Statement of Material Facts cite to pages 32, 33, and 40 of the deposition of Plaintiff's expert, Professional Engineer John P. Certuse. (*See* PASMF ¶¶ 1-2.) Defendant objects to these statements because those pages of Mr. Certuse's deposition are not part of the summary judgment record. Indeed, a copy of Mr. Certuse's deposition transcript is not appended to either party's statement of material facts. However, Plaintiff did append a copy of Mr. Certuse's deposition transcript to his Opposition to Defendant's Motion to Exclude Certain Testimony of John P. Certuse, P.E., which he filed before his Opposition to Defendant's Motion for Summary Judgment and Additional Statement of Material Fact.

While Plaintiff technically violated Rule 56(h) by failing to include the Certuse deposition transcript in the Summary Judgment record, Plaintiff did file a copy of the transcript prior to the filing of his Additional Statement of Material Fact. Accordingly, Defendant's objections to PASMF ¶¶ 1 and 2 is overruled.

Thus, in ruling on Defendant's Motion for Summary Judgment, the Court will consider the facts that Mr. Certuse "personally observed the faucet and the hot water riser that were present at the time of the loss" and that he "relied on Tom Zarek's identification of the riser as being Model No. DS481 manufactured by [Kingston]" in formulating his expert opinions. (PASMF ¶¶ 1-2.)

## B. Plaintiff's Reliance on the Unsworn, Unsigned Affidavit of Thomas Zarek

The Court may consider statements of material fact supported by affidavits in ruling on the present motion for summary judgment, *see* M.R. Civ. P. 56(c), but such affidavits:

> shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . . When a motion for summary judgment is made and supported as provided

3

in this rule, an adverse party . . . must respond by affidavits or as otherwise provided in this rule, setting forth specific facts showing that there is a genuine issue for trial.

M.R. Civ. P. 56(e).

Defendant objects to paragraphs five through twenty of Plaintiff's Additional Statement of Material Fact on the grounds that they are only supported by the unsworn, unsigned affidavit of Thomas Zarek. To be admissible in evidence at trial, a witness's testimony must be sworn. *See* M.R. Evid. 603. Because the form of Zarek's affidavit does not comport with the requirements of M.R. Civ. P. 56(e), the affidavit is therefore "material not properly considered on summary judgment[,]" and the Court will "disregard [the] statement[s] of fact" supported by that affidavit. M.R. Civ. P. 56(h)(4). Defendant's objections to PASMF ¶¶ 5-20 are sustained on the basis that Zarek's affidavit is unsigned and unsworn.

Perhaps more problematic to Plaintiff's case is that many of Zarek's statements of fact express opinions on matters that require expert testimony, such as the cause and mechanism of the hot water riser's failure, the identity of its manufacturer, and the existence of a manufacturing defect in the riser. (*See* PASMF ¶¶ 7-8, 10-13, 16-20.) Plaintiff did not designate Mr. Zarek as an expert witness prior to the expiration of the deadline established in the Scheduling Order. (*See* Pl.'s Am. Expert Witness Disclosure; Order on Pl.'s Mot. to Enlarge Scheduling Order Deadlines, ¶ 2 (Feb. 10, 2017)). The testimony of late-designated experts is properly excluded at trial due to the prejudice that redounds from the admission of such testimony. *See Chrysler Credit Corp. v. Ben Cote's L/A Auto Sales, Inc.*, 1998 ME 53, ¶¶ 19-20, 707 A.2d 1311 ("When the admission of the testimony of a surprise [expert] witness would result in unjustifiable prejudice, a trial court exceeds the bounds of its discretion by failing to exclude that testimony . . . [which had] not been subject to M.R. Civ. P. 26(b)(4)'s discovery requirements . . . ."); *Spickler v. York*, 566 A.2d 1385 (Me. 1989). Therefore, Mr. Zarek's opinions would not be admissible at

4

trial, and Defendant's objections with respect to PASMF ¶¶ 7-8, 10-13, and 16-20 are further sustained on the grounds that they express the opinions of an undesignated expert.

### C. Defendant's Remaining Objection

Finally, Kingston objects to paragraph four of Plaintiff's Additional Statement of Material Fact on the grounds that it does not state a fact. Hoch avers that "Defendant has offered no evidence that the riser was not manufactured by Kingston Brass." (PASMF ¶ 4.) In addition to not being supported by any record citation, the fact is irrelevant in that it misapprehends the Plaintiff's burden of production in stating an affirmative case. The absence of evidence that Kingston did not manufacture the riser is not evidence that Kingston did manufacture the riser. Accordingly, Defendant's objection to PASMF ¶ 4 is sustained.

### D. Plaintiff's Additional Facts Properly Before the Court

In light of the foregoing, the Court may consider the following facts in ruling on Kingston's Motion for Summary Judgment and Hoch's opposition thereto: (1) Plaintiff's expert, John Certuse, personally observed the allegedly defective hot water riser and the faucet to which it was attached, (2) Mr. Certuse relied on Thomas Zarek's identification of the subject riser as a Model No. DS481 riser manufactured by Kingston in formulating his own opinions, and (3) Kington has sold Model No. DS481 risers for more than eighteen years. (PASMF ¶¶ 1-3.)

## II. Discussion

### A. Summary Judgment Standard

Summary judgment is proper where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Stanley v. Hancock County Comm'rs*, 2004 ME 157, ¶ 13, 864 A.2d 169; *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653; M.R. Civ. P. 56(c).

5

On a motion for summary judgment, the court takes all facts and inferences in favor of the non-moving party. *LePage v. Bath Iron Works Corp.*, 2006 ME 130, ¶ 9, 909 A.2d 629. "Summary judgment is appropriate when the record reveals no [genuine] issues of material fact in dispute." *Id.* "A fact is material if it has the potential to affect the outcome of the case." *Id.* "A genuine issue exists when sufficient evidence supports a factual contest to require a factfinder to choose between competing versions of the truth at trial." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573. "Summary judgment is appropriate . . . 'if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation.'" *Dyer v. DOT*, 2008 ME 106, ¶ 14, 951 A.2d 821.

"To withstand 'a motion for a summary judgment, the plaintiff must establish a prima facie case for each element of her cause of action. If a plaintiff does not present sufficient evidence on the essential elements . . . the defendant is entitled to a summary judgment.'" *Watt UniFirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897. The plaintiff's evidence "need not be persuasive at that stage, but the evidence must be sufficient to allow a factfinder to make a factual determination without speculating." *Estate of Smith v. Cumberland Cnty.*, 2013 ME 13, ¶ 19, 60 A.3d 759.

### B. Proof of Identity

To prevail on his claims of products liability negligence, statutory products liability, and breach of the implied warranty of merchantability, Hoch must prove the Kingston's identity as the entity that manufactured, supplied, or sold the allegedly defective hot water riser. *See* Simmons, Zillman & Gregory, *Maine Tort Law* § 12.12 at 344 (1999 ed.) ("In a products liability negligence case . . . [t]he plaintiff must prove . . . that the defendant owed a duty to the plaintiff to exercise reasonable care in some part of the manufacturing, distribution, or sale . . . .") (citing

6

*Adams v. Buffalo Forge Co.*, 443 A.2d 932, 938 (Me. 1982); 14 M.R.S. § 221 ("One who sells any goods or products in a defective condition . . . is subject to liability for physical harm thereby caused to a person whom the manufacturer, seller or supplier might reasonably have expected to use . . . ."); 11 M.R.S. § 2-314 ("a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. . . .")

Kingston is one of a number of entities that manufacture, market, and/or sell risers "identical" to the allegedly defective riser in this case. (DSMF ¶¶ 5-6.) Plaintiff's expert, John Certuse, observed the allegedly defective hot water riser at issue, and relied on Mr. Zarek's identification of the subject riser as a Model No. DS481 riser manufactured by Kingston in forming his own opinions.[2] (PASMF ¶¶ 1-2.) Kingston sold Model No. DS481 risers for over eighteen years. (PASMF ¶ 3.) Plaintiff has no documentation to support its assertion that Kingston manufactured, marketed, or sold the subject hot water riser. (DSMF ¶ 7.)

On these facts, a finder of fact could not conclude it is more likely than not that Kingston manufactured, marketed, or sold the subject hot water riser without resorting to speculation. While Plaintiff has alluded to the existence of additional circumstantial evidence that Kingston manufactured the hot water riser (e.g., that the riser was attached to a Kingston-manufactured faucet, or that the subject riser and the Model No. DS481 risers purchased from Kingston for

---

[2] While Mr. Certuse is permitted to rely on Mr. Zarek's identification of the manufacturer of the riser in forming his own opinions, *see* M.R. Evid. 703, this reliance alone does not obviate the need to establish the requisite foundation for the underlying opinion to be admissible under M.R. Evid. 702. Certuse, however, can only speculate as to how Zarek reached his conclusions. *See* Certuse Dep. at 40:13-41:8 ("Q: And upon what do you base your conclusion that the riser present at the Hoch residence was likely manufactured by [Kingston]? A: I don't know how to answer that. It—Tom [Zarek] researched the piece. Probably saw some manufacturer's markings on it and identified it as such. Q: You're relying entirely on Mr. Zarek for that opinion, is that correct? A: Yes. Q: But you don't know either way whether he identified any manufacturer's markings on this plumbing fixture, do you? A: Well, you know, I know that identifying the manufacturer, he's very versed in it. Looking at the photos of it, pieces of it, to me it looks like—looks like that make and model. Q: Do you know either way whether there were any manufacturer's markings on the riser at issue which informed Mr. Zarek's opinion? A: No.") The Rules of Evidence do not permit Mr. Certuse to parrot Mr. Zarek's conclusions as his own, particularly without any knowledge of the methodology by which those conclusions were reached.

comparison purposes violated industry manufacturing standards by omitting a permanent mark that identifies the manufacturer), those facts were not presented to the Court in accordance with M.R. Civ. P. 56(h). As such, Plaintiff has failed to establish a genuine dispute of material fact with respect to this essential element of each of his claims.

## III. Conclusion & Order

In light of the foregoing, and based on the parties' statements of material fact that satisfy the requirements of M.R. Civ. P. 56(h), the Court concludes Plaintiff has not adduced sufficient evidence upon which a trier of fact could find that Defendant manufactured, marketed, or sold the allegedly defective hot water riser. Accordingly, the entry shall be:

"Defendant Kingston Brass, Inc. d/b/a Elements of Design's Motion for Summary Judgment is GRANTED."

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

SO ORDERED.

Dated: 2/26/19

John O'Neil, Jr.
Justice, Maine Superior Court

Entered on the Docket on: 2/26/19
Copies sent to the following parties/counsel on: 2/26/19
Attorney Pierce    Attorney O'Brien

8