STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-188

LINUS NICHOLAS, individually
and as Personal Representative of
the ESTATE of JACQUELINE CHILDS
and as assignee of the rights of the
ESTATE of JACQUELINE CHILDS,
             Plaintiff

V.

**DECISION AND ORDER**

WALTER F. MCKEE and
MCKEE BILLINGS, P.A.,
             Defendants

## INTRODUCTION

Before the court for decision is the Motion for Summary Judgment filed by the Defendants (hereinafter, McKee). This case is a legal malpractice claim against Attorney McKee and his former law firm, McKee Billings, arising out of Attorney McKee's representation of the Estate of Jacqueline Childs, through Linus Nicholas, as Personal Representative of the Estate, in a mortgage foreclosure action brought by JPMorgan Chase Bank in 2012.

The complaint in this action was filed on October 17, 2017 and will not be mistaken for "a short and plain statement of the claim" as contemplated by M.R.Civ.P. 8(a)(1). The complaint alleges that Attorney McKee was professionally negligent in his handling of the defense for the Estate in the foreclosure action. The complaint purports to be brought by Mr. Nicholas in his individual capacity, and as the Personal Representative of the Estate and as the assignee of the rights of the

Estate. The complaint asserts causes of action for: Professional Negligence (Count I); Breach of Fiduciary Duties (Count II), and; Negligent Infliction of Emotional Distress (Count III).

On November 13, 2018, McKee moved for summary judgment on all claims brought by Nicholas and the Estate. The summary judgment record in this proceeding is an example of how burdensome and unhelpful it is to the court and the litigants, when there is non-compliance with the requirements of M.R.Civ.P. 56. In the court's view, the Statement of Additional Facts submitted by counsel for the Plaintiffs does not meet the rule requirement that it be "a separate, short, and concise opposing statement." M.R.Civ.P. 56(h)(2). Rather, in large part it appears to the court to be highly argumentative. Oral argument on the motion for summary judgment was held on April 25, 2019.

## FACTUAL BACKGROUND

There does not appear to be a genuine issue of material fact about the following.

Linus Nicholas and Jacqueline Childs lived together in a home located at 56 Neal Street in Gardiner. Ms. Childs purchased the home around 2001. Mr. Nicholas and Ms. Childs were never married. His name was not on the mortgage loan or the deed to the property at 56 Neal Street.

Ms. Childs died on March 18, 2011 and left no will. Mr. Nicholas was appointed Personal Representative of the Estate. JPMorgan Chase Bank, N.A., filed a complaint for foreclosure on August 4, 2011 because of the failure to make the monthly payments on the mortgage loan. On March 6, 2012, Nicholas engaged Attorney McKee to defend the foreclosure action. The Hourly Fee Agreement and Engagement Letter (Exhibit F), described the scope of the legal services provided as being "limited to only the following: Pending Lawsuit Against Linus Nicholas, Personal Representative of the Estate of Jacquelyn Childs, Kennebec County

2

Superior Court, Docket No. AUGSC – RE-11-103. Any additional legal services shall be upon specific further agreement."

The bench trial in the foreclosure action was held on August 16, 2012, and on August 23, 2012, the court (Murphy, J.) entered judgment of foreclosure in favor of the bank. (Exhibit G). The judgment was affirmed by the Law Court in a Memorandum of Decision. *See JPMorgan Chase Bank, N.A. v. Estate of Jacqueline M. Childs*, MEM-13-111.

Nicholas now alleges that Attorney McKee was representing him personally, and gave him bad advice to invest money in improvements to the property at 56 Neal .Street, even while the property was the subject of a pending foreclosure action. He further asserts that McKee was negligent in how he handled the foreclosure action. In particular, he faults McKee for not raising a defense based on the Bank's alleged non-compliance with 14 M.R.S. §6111. Moreover, he contends that McKee was negligent by failing to plead the defense of "accord and satisfaction" and the doctrine of "unclean hands." He also contends that McKee made several errors at trial and failed to have the foreclosure action handled as part of the foreclosure mediation program.

Nicholas claims that he has suffered substantial damages as a result of McKee's alleged malpractice, but there is no corroborating documentary evidence of the claimed damages.

## DISCUSSION

"In legal malpractice cases, the plaintiff must show (1) a breach by the defendant attorney of the duty owed to the plaintiff to conform to a certain standard of conduct; and (2) that the breach of the duty proximately caused an injury or loss to the plaintiff." *Niehoff v. Shankman & Assocs. Legal Ctr., P.A.*, 2000 ME 214, ¶ 7, 763 A.2d 121. An attorney owes a duty to a client to use reasonable skill, prudence and diligence according to the standard of an ordinarily competent lawyer

3

performing similar services under like circumstances. *Pawlendzio v. Haddow*, 2016 ME 144, ¶ 11, 148 A.3d 113. A plaintiff in a legal malpractice case must show that his claimed loss or damage "was either a direct result or a reasonably foreseeable consequence of the [attorney's] negligence." *Merriam v. Webster*, 2000 ME 158, ¶ 8, 757 A.2d 778.

The Law Court has stated that "to prevail in a legal malpractice action, a plaintiff must demonstrate that he or she would have achieved a more favorable result but for the defendant's alleged legal malpractice." *Niehoff*, 2000 ME 214, ¶ 8. On summary judgment in "failure to plead" legal malpractice cases, the plaintiff

> . . . must demonstrate that there are facts in dispute which are sufficient to allow a jury to conclude that: (1) the defendant attorney was negligent in representation of the plaintiff; and (2) the attorney's negligence caused the plaintiff to lose an opportunity to achieve a result, favorable to the plaintiff, which (i) the law allows; and (ii) the facts generated by plaintiff's M.R.Civ.P. 7(d) statements would support, if the facts were believed by the jury.

*Niehoff* at ¶ 10.

## SUMMARY JUDGMENT STANDARD

"The function of a summary judgment is to permit a court, prior to trial, to determine whether there exists a triable issue of fact or whether the question[s] before the court [are] solely...of law." *Bouchard v. American Orthodontics*, 661 A.2d 1143, 44 (Me. 1995). Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653. A "material fact" is one that can affect the outcome of the case, and a genuine issue exists when there is sufficient evidence for a fact finder to choose between competing versions of the facts. *Lougee Conservancy v. City-Mortgage, Inc.*, 2012 ME 103, ¶11, 48 A.3d 774.

4

## A. <u>Was Linus Nicholas, in his Individual Capacity, a Client of McKee?</u>

The first issue to be addressed is whether McKee is entitled to summary judgment against Nicholas in his individual capacity, because he was never McKee's client to whom he owed a duty. McKee argues that he owed no professional or fiduciary duty to Nicholas personally and, therefore, there were no breaches of a non-existent duty.

Exhibit F to the Defendants' Statement of Material Facts is the Agreement and Engagement Letter between "[t]he client, Linus Nicholas," for "legal services" only for the pending lawsuit against Nicholas as the personal representative of the Estate of Jacqueline Childs. Anything other than legal services for the pending lawsuit, would have to be "upon specific further agreement."

There is no genuine issue of material fact that McKee was retained for the pending lawsuit against the Estate, not for Nicholas in his individual capacity. The Defendants are entitled to judgment as a matter of law that Nicholas was not being represented by them in his individual capacity.

## B. <u>The Applicability of 14 M.R.S. §6111</u>

The parties spend considerable effort arguing whether McKee was negligent for not raising a claim that the Bank had not complied with the notice to cure required by 14 M.R.S. §6111, which provides that the notice to cure letter requirement applies "when the mortgagor is occupying all or a portion of the property as the mortgagor's primary residence . . . ." The Estate claims that McKee should have raised section 6111 as an issue at the trial, even though the mortgagor was dead and was not occupying the property.

The statute applies to a mortgagor who is occupying the property as the primary residence. No Law Court case has been brought to this court's attention that

5

has construed section 6111 to apply to a dead mortgagor.[1] McKee also points out that the "Notice to Cure" letter that was sent by the Bank in late May or early June 2011, complied with section 6111 in any event.

On this summary judgment record, McKee is entitled to have his motion granted with respect to this claim. The most that Attorney Cox (the expert witness designated by Nicholas) could say about this issue was that McKee could have and should have anticipated that the Law Court would someday say that the notice to cure requirements of 14 M.R.S. §6111 apply to dead mortgagors.

McKee is not held to a standard by which he must assume a statute will be interpreted a certain way at some time in the future. The statute has not been interpreted to apply to a deceased mortgagor in the years since 2012. On the contrary, a Superior Court decision in 2015 held that section 6111 did not apply where the default arose only after the mortgagor was deceased and "thus no longer occupied the premises." *Bayview Loan Servicing v. Jacobsen*, 2015 Me. Super. LEXIS 89 (May 14, 2015) (O'Neil, J.).

As a matter of law, it was reasonable for Attorney McKee not to raise a defense under section 6111. Had McKee raised an argument under section 6111, that too would have been a reasonable exercise of his legal skill and judgment. Either course of action would have been reasonable under the circumstances in existence in 2012.

---

[1] The court rejects the Plaintiff's argument that the Law Court held that section 61111 applies in situations where the mortgagor has died. What the Court actually said was: "Contrary to the Estate's contention, the court did not obviously err in admitting, without objection, an exhibit offered by JPMorgan Chase Bank, N.A. (the Bank), establishing that it gave the notice required by 14 M.R.S. § 6111 (2012)." The Law Court was never asked to consider the legal question of whether section 6111 was applicable in the first place. It simply held that the trial court did not commit obvious error in admitting the exhibit.

## C. Failure to Assert "Accord and Satisfaction" and "Unclean Hands."

The underlying foreclosure action involved evidence that Mr. Nicholas had contact with the Bank after the death of Ms. Childs and made attempts to make payments of certain sums of money on the mortgage loan. His payments, however, were not accepted by the Bank because they did not reflect full payment to cure the default. In defending against foreclosure, McKee pursued a defense based on "waiver" as described in 14 M.R.S. §6321. The foreclosure court (Murphy, J.) directly considered that defense, but ultimately rejected it.

The Estate claims that McKee should have advanced a defense based on "accord and satisfaction" and "unclean hands." There is no genuine issue of material fact that McKee's tactical decision to pursue a "waiver" defense, rather than relying on "accord and satisfaction" and the doctrine of "unclean hands," was a reasonable litigation decision. The lack of an accord with the Bank would seem to underscore McKee's decision to rely on the statutory waiver of section 6321 instead of "accord and satisfaction." Similarly, McKee's decision to pursue a statutory waiver defense, rather than a strategy of "unclean hands" was a reasonable choice and, as a matter of law, was not professionally negligent.

## D. Failure to Pursue Mediation

The Estate claims that McKee was negligent by failing to have the foreclosure case referred to mediation. The undisputed material facts show, however, that prior to retaining Attorney McKee in March 2012, two mediation events had already occurred. The Plaintiff failed to appear at the second one.

Moreover, 14 M.R.S. §6321-A (3) provides that the Supreme Judicial Court shall adopt rules to establish a foreclosure mediation program "to provide mediation in actions for foreclosure of mortgages of owner-occupied residential property with no more than 4 units that is the primary residence of the owner-occupant." M.R.Civ.P. 93(a)(3) defines "owner-occupant" as "an individual who is the

mortgagor of a residential property that is that individual's primary residence. The term may include two or more individuals who are joint mortgagors of that residential property."

The Estate was not an individual who occupied the property as that individual's primary residence. Accordingly, as a matter of law, McKee was not professionally negligent in failing to seek to have the foreclosure action handled through the foreclosure mediation program, since that program did not apply in the circumstances of that action. Finally, the summary judgment record establishes that McKee did, in fact, explore settlement with the Bank.

### E. Trial Evidence Issues

The Estate claims that McKee was negligent by failing to present relevant evidence and failing to prevent the introduction of "hearsay" evidence. These allegations are utterly speculative in nature. Any trial involves tactical and strategic decisions as to what evidence should come in and what should not.

Based on the summary judgment record, there is no genuine issue of material fact that McKee's trial decisions were within the range and bounds of reasonably skilled and competent attorneys.

### F. Emotional Distress Claims.

The court has already concluded that, as a matter of law, McKee did not engage in professional negligence as alleged. In short, neither he nor his firm breached a duty. For the same reasons, any claims for emotional distress damages or as a separate cause of action, likewise fail as a matter of law. *See Garland v. Roy,* 2009 ME 86, 976 A.2d 940; *Curtis v. Porter,* 2001 ME 158, 784 A.2d 18.

## **CONCLUSION**

The entry is:

Defendants' Motion for Summary Judgment is GRANTED

Dated:  August 26, 2019

William R. Stokes
Justice, Superior Court