STATE OF MAINE                                          BUSINESS & CONSUMER COURT
CUMBERLAND, ss.                                         DOCKET NO. BCD-CIV-2021-00055


LOVLEY DEVELOPMENT, INC.,            )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )
                                     )            ORDER DENYING MOTION
DMCP GROUP, LLC,                     )            FOR SUMMARY JUDGMENT
                                     )
        Defendant.                   )


Defendant DMCP Group, LLC ("DMCP") has brought a Motion for Summary Judgment (the "Motion") on the claim of Lovley Development, Inc. ("Lovley") for breach of contract based on a commercial lease. As discussed below, the lease is ambiguous, and there is a genuine dispute of fact about the intention of the parties to the lease. Accordingly, the Motion is denied.

## FACTS

DMCP is the assignor of a lease dated April 12, 2006 (the "Lease") between Lovley and Old Town Donuts, LLC, for a certain building and land located on Stillwater Avenue in Old Town, Maine (the "Premises"). Section 8 of the Lease is captioned "Purpose and Use," and provides: "It is agreed that the Lessee may use the premises for the operation of a Dunkin' Donuts Shop." Section 6 of the Lease, titled "Term and Commencement of Rent," provides in relevant part as follows: "This lease is for a term that is the same as Lessee's franchise agreement with Dunkin' Donuts for the shop located on the premises, commencing on the . . . date that the Lessee takes possession of the Premises." Section 3 of the Lease, titled "Basic Rent," provides that Lessee agrees to pay rent upon commencement of the Lease, and

1

"continuing for a period that is identical with the length of a franchise agreement with Lessee with Dunkin' Donuts . . . ." According to Section 3, Basic Rent is tied to gross sales, and "gross sales is based upon the Dunkin' Donuts shop or any other shop located on the site . . . ."

On April 12, 2006, the same date that Old Town Donuts entered in the Lease with Lovley, Old Town Donuts, LLC, entered into a Franchise Agreement with Dunkin' Donuts. The Franchise Agreement contains a Contract Data Schedule, which is expressly made a part of the Franchise Agreement. According to the Contract Data Schedule, the "Term" of the Franchise Agreement is "TWENTY (20) years from the first date the Unit opens to serve the general public."

On October 14, 2011, Old Town Donuts (as Lessee and Assignor of the Lease), Lovley (as Landlord under the Lease), and DMCP (as Assignee of the Lease) entered into an agreement entitled "Assignment of the Lease, Waiver and Estoppel Certificate" (the "Assignment"). Section 4(e) of the Assignment states in relevant part: "The Commencement Date of the Lease is April 12, 2006. The Lease shall be for a term which is identical to the length of the franchise agreement of the Lessee with Dunkin' Donuts and the term shall extend for the term of future franchise agreements between the Lessee and Dunkin' Donuts." Section 4(e) also provides that percentage rent is calculated as a certain percentage of "tenant's gross sales derived solely from the Demised Premises."

On October 31, 2017, DMCP and Dunkin' Donuts entered into a new Franchise Agreement (the "2017 Franchise Agreement"). The 2017 Franchise Agreement superseded and terminated the prior Franchise Agreement. The term of the 2017 Franchise Agreement was "until April 11, 2030." However, on or about March 15, 2021, DMCP and Dunkin' Donuts agreed to terminate the 2017 Franchise Agreement effective March 5, 2021. As of March 24,

2

2021, DMCP had vacated the Premises and de-identified it as a Dunkin' Donuts shop. On that same date, DMCP notified Lovley that the 2017 Franchise Agreement was terminated, that the Lease was thus terminated, and that DMCP would no longer be paying rent.

STANDARD OF REVIEW

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c); *Levine v. R.B.K. Caly Corp.,* 2001 ME 77, ¶ 4, 770 A.2d 653. A genuine issue of material fact exists when a factfinder must choose between competing versions of the truth, even if one party's version appears more credible or persuasive. *Id.* A fact is material if it has the potential to affect the outcome of the suit. *Id.*

ANALYSIS

Contract language is ambiguous when it is reasonably susceptible of different interpretations. *Portland Valve, Inc. v. Rockwood Systems Corp.*, 460 A.2d 1383, 1387 (Me. 1983). When the language is ambiguous, it is appropriate for the factfinder to consider extrinsic evidence of the parties' intention. *Hilltop Community Sports Ctr., Inc. v. Hoffman*, 2000 ME 130, ¶ 21, 755 A.2d 1058 ("To aid it in construing the [contractual] agreement, the factfinder may entertain extrinsic evidence casting light upon the intention of the parties with respect to the meaning of the unclear language.") (internal quotations omitted).

In this case, DMCP argues the language of the Lease unambiguously establishes that the term of the Lease ended upon the early termination of the 2017 Franchise Agreement on March 5, 2021. This is a reasonable interpretation of the Lease, given that a purpose of the Lease is to operate a Dunkin' Donuts franchise on the Premises, and Section 3 of the Lease states that the Lessee agrees to pay rent for a period of time that is "identical with the length

3

of a franchise agreement with Lessee with Dunkin' Donuts."

However, Section 6 specifies that the term of the Lease shall be "the same as Lessee's franchise agreement with Dunkin' Donuts," which is 20 years. And Section 3 specifies that payment of rent is tied not only to gross sales from use of the Premises for a Dunkin' Donuts shop, but for "any other shop located on the site." These provisions seem to suggest the Lease is measured by a fixed term, which is consistent with the fact that the Assignment specifies the Commencement Date of the Lease is April 12, 2006. This reference would appear unnecessary if the Lease term could end with the early termination of the Franchise Agreement. Although the Assignment expressly provides that the term of the Lease will *extend* "for the term of future franchise agreements," the Assignment is silent with regard to early termination.

Indeed, for the reasons touched upon above, and others, Lovley argues the Lease language unambiguously supports a conclusion that the Lease continues for a fixed term. According to Lovley, the Lease term does not automatically terminate upon the early termination of the Franchise Agreement. This is also a reasonable interpretation of the Lease language.

Hence, the Lease language is reasonably susceptible of different interpretations. In order to tease out the meaning of the language, the Court will need to consider extrinsic evidence of the parties' intent. The current summary judgment record is insufficient for that purpose, and the parties have a genuine dispute of material fact regarding the term of the Lease.

CONCLUSION

For all these reasons, DMCP's Motion for Summary Judgment must be denied.

So Ordered.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

Dated: March 8, 2022

_____
Michael A. Duddy
Judge, Business and Consumer Court

Entered on the docket:  03/08/2022